EDGAR McGHEE, PETITIONER-PROSECUTOR, v. RARITAN COPPER WORKS, ALSO KNOWN AS INTERNATIONAL SMELTING AND REFINING CO., RESPONDENT-DE-FENDANT.

Submitted October 2, 1945—Decided November 1, 1945.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and OLIPHANT.

For the petitioner-prosecutor, *Thomas F. Shebell.*

For the respondent-defendant, *John E. Toolan* and *James P. Haney.*

The opinion of the court was delivered by

OLIPHANT, J. This is a workman's compensation case. In the Bureau the petition was dismissed which action was affirmed in the Middlesex County Court of Common Pleas.

Prosecutor claimed permanent disability by reason of an injury to his left eye and a traumatic neurosis resulting therefrom.

A pure fact question is presented. As to the eye injury itself we find as a fact, as did the Bureau and the Pleas, that prosecutor has not lost the sight of his eye and that if there is an impairment of his vision now it is not due to the injury he suffered in the course of his employment. In appraising the evidence the probabilities preponderate in favor of the respondent. Two lower tribunals were in accord on these findings of fact. Their conclusions will not be lightly disturbed. *Anderson* v. *Federal Shipbuilding and Dry Dock Co.,* 118 *N. J. L.* 55.

But apart from the main question of loss of vision a medical witness produced on behalf of the prosecutor, though not a neurologist, testified that he had a five per cent. of total partial permanent disability due to a traumatic neurosis and that the condition was causally related to the accident. Respondent did not meet this evidence at all. It stands uncontradicted. While this witness was not a specialist he was versed in the field of neurology as a general practitioner. The fact that he was not a specialist did not render his testimony incompetent but rather it went to the weight to be accorded that testimony. *Young* v. *Stevens,* 132 *N. J. L.* 124.

The record convinces us and we again find as a fact that the neurosis complained of resulted from injury arising out of and in the course of the employment, that it produced a disability which is compensable, *Sigley* v. *Marathon Razor Blade Co., Inc.,* 111 *N. J. L.* 25, and that prosecutor has a permanent disability of five per cent. of total.

The judgment is accordingly modified, and, as so modified, is affirmed. Both parties having been in part successful no costs are allowed to either.