**ERNEST DiSABATINO & SONS, INC.**

v.

**Thomas APOSTOLICO, Jr.**

**MAGNESS CONSTRUCTION COMPANY**

v.

**Clifton WALLER.**

Superior Court of Delaware.

New Castle.

Dec. 9, 1969.

B. Wilson Redfearn, of Tybout & Redfearn, Wilmington, for Ernest DiSabatino & Sons, Inc.

Oliver V. Suddard, Wilmington, for Thomas Apostolico, Jr.

Richard I. G. Jones, of Prickett, Ward, Burt & Sanders, Wilmington, for Magness Construction Co.

John Biggs, III, of Biggs & Battaglia, Wilmington, for Clifton Waller.

## OPINION

CHRISTIE, Judge.

The captioned cases have been consolidated for the purposes of this opinion because the cases raise related issues of law. Both are workmen's compensation cases and both are appeals from an order of the Industrial Accident Board.

\* \* \*

In October, 1966, Thomas Apostolico, Jr., an employee of Ernest DiSabatino & Sons, Inc., in the course of his employment as a bricklayer, sustained serious injuries as a result of a fall from a scaffold. After a period of total disability, Apostolico returned to work on April 22, 1968, as an inspector in Newark, Delaware, a much lighter job, with a loss in wages of more than $75.00 per week. Under an agreement filed with the Industrial Accident Board, Apostolico was compensated at the rate of $50.00 per week from April 22, 1968, in accordance with the provisions of 19 Del.C. § 2325. On October 17, 1968, the employer filed a petition to terminate the claimant's compensation under § 2325 upon the ground that Apostolico had reached maximum healing and should thereafter be compensated under 19 Del.C. § 2326 for his remaining permanent injuries which should be regarded as a scheduled loss to the body as a whole rather than for a loss of earnings as a result of the partial disability under the provisions of § 2325.

It is undisputed that Apostolico has suffered a scheduled loss and continues to suffer a reduction in wages. If the decision of the Board is affirmed the employee will be eligible to receive additional benefits under § 2326.

Ernest DiSabatino & Sons, Inc., employer, has appealed to this Court from the decision of the Industrial Accident Board dated February 26, 1969, which denied the employer's petition to end compensation payable to Thomas Apostolico, Jr., employee, for loss of earnings under the provisions of 19 Del.C. § 2325.

\* \* \*

The claimant, Clifton Waller, was injured on November 16, 1963, while attempting to lift a pipe in the course of his employment with the Magness Construction Company. After an appeal to the Superior Court, which held that Waller was totally disabled as defined in 19 Del.C. § 2324, upon remand to the Industrial Accident Board, Waller contended, and the Board agreed, that he is entitled to a scheduled award for permanent partial disability pursuant to 19 Del.C. § 2326(g) at the same time that he is receiving benefits under § 2324. The carrier has appealed from the order dated February 26, 1969, awarding compensation to Waller under both § 2324 and § 2326, payment to be made simultaneously.

These cases both involve a determination of whether or not a claimant who is partially disabled under 19 Del.C. § 2325 as in *DiSabatino* or totally disabled under 19 Del.C. § 2324 as in *Magness* and is receiving compensation under the appropriate statutory provisions, and who has also suffered a scheduled loss for which specific compensation is provided under 19 Del.C. § 2326, may recover benefits under both sections of the statute and receive the payments provided therein simultaneously.

The statutory provisions under which the issues arise are as follows:

*§ 2324. Compensation for total disability*

For injuries resulting in total disability, the compensation to be paid during the continuance of total disability shall be 66⅔ percent of the wages of the injured employee, as defined by this chapter, but the compensation shall not be more than $50 per week nor less than $25 per week. If at the time of injury the employee receives wages of less than $25 per week, then he shall receive the full amount of

such wages per week as compensation. Nothing in this section shall require the payment of compensation after disability ceases.   (19 Del.C. § 2324)

### § 2325.   Compensation during partial disability

For injuries resulting in partial disability for work, except the particular cases mentioned in subsections (a)–(g) of section 2326 of this title, the compensation to be paid shall be 66⅔ percent of the difference between the wages received by the injured employee before the injury and the earning power of the employee thereafter, but such compensation shall not be more than $50 per week.   This compensation shall be paid during the period of such partial disability for work, not, however, beyond 300 weeks.   In construing the words "earning power of the employee thereafter" as those words appear in this section, the Board shall take into consideration the value of gratuities, board, lodging and similar advantages received by the employee in a subsequent employment.   (19 Del.C. § 2325)

### § 2326.   Compensation for certain permanent injuries

(a) For all permanent injuries of the following classes, the compensation to be paid regardless of the earning power of the injured employee after the injury, shall be as follows:  [Paragraphs a through g covering specific scheduled losses omitted]

(h) The compensation provided for in subsections (a)–(g) of this section shall not be more than $50 per week, nor less than $25 per week.   If at the time of injury the employee receives wages of less than $25 per week, then he shall receive the full amount of such wages per week as compensation.

(i) Subject to subsection (e) of this section, the compensation provided for in subsections (a)–(h) of this section shall be paid in addition to the compensation provided for in sections 2324 and 2325 of this title.   (19 Del.C. § 2326)

■   Although the language of the statute presents difficulties, the Supreme Court has ruled that it was the intent of the General Assembly that a claimant suffering from a loss covered in one of the schedules of 19 Del.C. § 2326 may also be awarded compensation under § 2324 or § 2325.   In order to recover under § 2324 or § 2325, the claimant must prove an actual reduction in earnings.   His wages following the injury must, in fact, be less than they were preceding the injury and he is entitled to continued compensation under these sections only so long as his actual earnings remain reduced.

■   Under § 2326 an award may be made for a scheduled loss "regardless of the earning power of the injured employee after the injury", and "in addition to the compensation provided for in § 2324 and § 2325".   In Alloy Surfaces Co. v. Cicamore, Del., 221 A.2d 480 (1966) the Supreme Court of Delaware interpreted these three sections of the workmen's compensation statute and found them to be without ambiguity and consistent with one another as follows:

> "Aetna raises a problem concerning the factors which may be considered by the Board in reaching a determination of an amount which is proper and equitable."

> "§ 2325 defines the compensation payable for partial disability based upon the difference in actual wages before the injury and the earning capacity thereafter.   As we understand the exception therein, it means that compensation is not to be determined by § 2325 but by § 2326 if the injury is one of those described in § 2326.[2]   For instance, to as-

**2.**  "The General Assembly apparently considers them harmonious; both were included in the Code revision of 1953; on at least two occasions since then it has made changes in both sections in a single act, which included the seemingly inconsistent language."

certain the benefits payable to a man who loses an arm, we look primarily to § 2326 rather than § 2325; we see that under § 2326(a) he gets two-thirds of his wages for 250 weeks; moreover, we see that under § 2326(i) he also gets any benefits allowed him by § 2324 for total disability or § 2325 for partial disability. Of course, if he is able to return to work without loss of earning capacity, any benefits under the total or partial disability sections would thereupon cease."

By judicial construction of the statutes, an award based upon § 2326 is not an exclusive remedy and in lieu of an award under the other sections. In a proper case, a claimant may recover for actual wage loss so long as the loss continues, but not to exceed 300 weeks in the case of a partial disability, and in addition thereto may also recover for certain specific physical injuries. The additional recovery allowed for scheduled losses to the body has been said to be based upon a presumption that the nature of a scheduled injury is such that the reduction in the earning *capacity* will continue into the future whether or not an actual wage loss is incurred. It has been analyzed as follows:

"Scheduled benefit payments are not dependent on actual wage loss. Evidence that claimant has had actual earnings, or has even been regularly employed at greater earnings than before, is completely immaterial."

"This is not, however, to be interpreted as an erratic deviation from the underlying principle of compensation law—that benefits relate to loss of earning capacity and not to physical injury as such. The basic theory remains the same; the only difference is that the effect on earning capacity is a conclusively presumed one, instead of a specifically proved one based on the individual's actual wage-loss experience." Workmen's Compensation Law Larson, § 58.10.

In a proper case the claimant is entitled to two awards, one based upon current wage loss and the other on a schedule which in turn involves presumed loss of future earning capacity.

The Court must then determine whether or not such awards are payable concurrently. Section 2326(a) provides additional specific scheduled benefits "for the loss of two or more members, *not constituting total disability* * * *." (Emphasis added). Section 2326(e) provides, in certain instances, for compensation to be made exclusively under § 2324. These subsections would seem to indicate a legislative intent to provide compensation under only one section of the statute at a time. However, the overall statutory scheme, as already ruled upon by the Supreme Court in Alloy Surfaces Co. v. Cicamore, *supra,* does not so limit the compensation period, and any ambiguity or error in draftsmanship in these subsections of the statute are not before the Court at this time.

In the majority of jurisdictions non-scheduled awards are classified by statute, into four types of disability, (1) temporary total (2) temporary partial (3) permanent partial and (4) permanent total. Under such statutes, the "temporary" disability period is that time immediately following the injury during which the claimant is receiving medical attention and/or convalescing. Upon a determination that his disability comes within one of the scheduled injury classifications, the "temporary" period terminates and he receives a scheduled benefit award immediately thereafter. If he has not incurred a scheduled disability, upon a determination that he has suffered a permanent partial or permanent total disability, he then receives an appropriate "permanent" benefit award immediately thereafter. In such cases the statutory scheme provides for separate periods of temporary and permanent disability, and although a claimant may, in a proper case, be entitled to collect under both classes of awards he is not entitled to permanent compensation until the temporary period has terminated and payments for scheduled losses would not be paid simultaneously

with other compensation. (See for example New York, 64 McKinneys Consol.Laws, C. 67, § 15; Md.Ann.C. Art. 101, § 36; Pa. 77 Purdon § 511 et seq; N.J.S.A. 34:15–12).

Sections 2324 and 2325 do not classify injuries as "temporary" or "permanent". Under § 2324 there is no time limit whatsoever for total disability except that compensation thereunder ceases when the disability ceases. It is conceivable that payment could continue for the remainder of the claimant's life, however long that might be. Under § 2325 there is a total time limit of 300 weeks (5 years and 9 months) but no suggestion that this is a "temporary" benefit. So long as a claimant suffers from an *actual* wage loss as the result of an injury compensable under this section, he is entitled to compensation in accordance with the provisions of § 2325.

As pointed out in Alloy Surfaces Co. v. Cicamore, *supra,* under certain circumstances the legislature intended to compensate claimants under two sections of the statute and there is no pertinent provision within the sections in question which would prohibit the concurrent and simultaneous payment of the appropriate benefits. Had the legislature intended that such compensation be paid consecutively or exclusively under one section at a time, or had sections 2324 and 2325 been classified as providing "temporary" benefits, as do similar statutes in other jurisdictions, the legislature could have made such specific provisions within the statutes themselves. It is a fundamental rule that in construing a statute, the Court must seek to ascertain and give effect to the intention of the legislature as expressed in the statute itself.

"In determining legislative intent due regard must be given to the principle which the legislature intended to announce by enactment of any given statute."

"Of course, in determining that intent the effect of the words found in the statute should not be misconstrued, nor should the intent be extended beyond that which manifestly appears." State ex rel. Roman v. Tatnall, 3 Terry 328, 32 A.2d 783 (1943). (See also Darling Apartment Co. v. Springer, 25 Del.Ch. 420, 22 A.2d 397, 137 A.L.R. 803 (1941).

In addition, the strict construction required of statutes which abrogate a common-law right may be relaxed in the case of remedial statutes but not to the extent of giving language imaginary meaning, or going beyond the meaning expressed or fairly implied within the statute itself. Burris v. Burgett, 16 Del.Ch. 10, 139 A.2d 454 (1927).

The applicable rules of statutory construction require the Court to rule that the claimant in each of the captioned cases, so long as he is entitled to compensation under either § 2324 or § 2325, and under § 2326, is also entitled to receive the appropriate benefits under both sections *concurrently* and *simultaneously.*

The orders of the Industrial Accident Board entered in each case are affirmed.

It is so ordered.