**BURTON TRANSPORTATION CENTER, INC., Employer, and Hartford Accident and Indemnity Company, Insurer, Appellants Below, Appellants,**

v.

**Nelson T. WILLOUGHBY, Appellee Below, Appellee.**

Supreme Court of Delaware.

April 7, 1970.

Jackson W. Raysor, of Tunnell & Raysor, Georgetown, for appellants.

Oliver V. Suddard, Wilmington, for appellee.

WOLCOTT, C. J., CAREY and HERR-MANN, JJ., sitting.

CAREY, Justice.

Burton Transportation Center, Inc. (Burton), has appealed a judgment of the Superior Court which affirmed an award of the Industrial Accident Board directing payment of compensation to Nelson T. Willoughby (Willoughby), for 120 weeks due to a 40% disability resulting from a post-traumatic neurosis. The issue is: May a compensation award be made for traumatic neurosis under T. 19 Del.C. § 2326(g), which provides:

"(g) The Board shall award proper and equitable compensation for the loss of any member or part of the body or loss of use of any member or part of the body up to 300 weeks which shall be paid at the rate of 66⅔ per centum of his weekly wages, but no compensation shall

be awarded when such loss was caused by the loss of or the loss of use of a member of the body for which compensation payments are already provided by the terms of this section."

Willoughby was injured on April 25, 1960, when a tire exploded while he was working as an automobile mechanic for Burton. The employer paid compensation for temporary total disability under T. 19 Del.C. § 2325. Willoughby returned to work on July 25, 1960, performing the same duties he had formerly performed. On July 21, 1961, he quit this job because of a dispute having nothing to do with his prior injury. The following day, he assumed a one-year lease on a service station, which he operated without interruption, performing services similar to those performed during his employment with Burton, although at times he had recurrent discomfort. At the end of one year, he gave up the service station because it was financially unsuccessful. He remained unemployed until November 8, 1962, when he began working for another employer, doing the same kind of work as he had done for Burton. He remained with this second employer until 1966, when he moved to New Castle County, where he again obtained steady employment at increased earnings in the same occupation.

On July 24, 1961, three days after leaving Burton, Willoughby filed a petition for review with the Industrial Accident Board, claiming that his disability had increased. This claim was predicated upon an alleged total disability within T. 19 Del.C. § 2324. The Board made an award, which was reversed by the Superior Court on the ground that the evidence did not justify it. We affirmed.

On August 7, 1964, a further hearing before the Board resulted in a directive to

Burton to furnish Willoughby with psychiatric care. This was done until he moved to New Castle County and voluntarily discontinued treatment.

The petition presently involved was filed by Willoughby with the Board on September 12, 1966, on the ground that his incapacity had recurred. For reasons not disclosed in the record, no hearing was held until 1968.* On July 19 of that year, the Board granted the award which we are now considering upon the theory that Willoughby has a partial loss of use of a "part of the body" within the meaning of § 2326(g) quoted above.

It should be made plain at the outset that we are not here concerned with the problem of whether or not disability resulting from traumatic neurosis is compensable under § 2324 or § 2325. The former section provides compensation for total disability, permanent or temporary; the latter provides compensation for partial disability except in the particular cases described in subsections (a)–(g) of § 2326. It has been generally recognized in other states that *disability* resulting from traumatic neurosis is compensable, 1A Larson Workmen's Compensation Law, § 42–21, etc.; such a case would doubtless come within the scope of § 2324 or § 2325; Cf. Fiorucci v. C. F. Braun & Co., 4 Storey 79, 173 A.2d 635. But this claim is not presented to us on the basis of actually proven disability in the sense of loss of earnings or earning capacity. On the contrary, it is based solely on the supposition that the illness is a partial loss of use of a "part of the body" within the meaning of that term in § 2326(g).

■ Both the Board and the Court below considered that the mind or nervous system is a "part of the body" and that a traumatic neurosis is a partial loss of use

---

* We have previously questioned delays in the handling of Workmen's Compensation cases, which are entitled especially to speedy disposition. See Reynolds v. Continental Can Company, Del., 240 A.2d

135. We suggest inquiry by the Superior Court and the Industrial Accident Board into the reasons for the delay in this case with the hope of insuring prompt disposition of future cases.

thereof. We think, on the other hand, that the term "part of the body" is intended to refer to some specific identifiable member or organ of the body, and should not be stretched to include a general condition of psychosis or neurosis.

Willoughy relies upon five cases: Fiorucci v. C. F. Braun & Co., *supra;* DeBoest v. Travelers Insurance Company (La.App.), 138 So.2d 646; Pokorny v. Chadbourne Wallace, Parkes & Whiteside, 14 A.D.2d 662, 219 N.Y.S.2d 130; Cohrs v. Igoe Bros., Inc., 71 N.J.Super. 435, 177 A.2d 284; and McGhee v. Raritan, 133 N.J.L. 376, 44 A.2d 388. In all of these cases, except *McGhee,* there was disability in the sense of impaired earning capacity. *McGhee* is not persuasive because of an important difference between the Delaware and New Jersey Acts. The New Jersey statute contains a provision which provides for compensation "where the usefulness of a member or a *physical function* is permanently impaired." (Emphasis added.) Sigley v. Marathon Razor Blade Co., 111 N.J.L. 25, 166 A. 518. Somewhat similar language in the Delaware Act is limited solely to subsection (a) of § 2326. For a discussion of the New Jersey decisions, which have developed a "whole-man theory," see 2 Larson Workmen's Compensation Law, § 47.10.

 In Workmen's Compensation cases, disability refers to the inability, as the result of a work-connected injury, to perform or obtain work suitable to the claimant's qualifications and training. 2 Larson Workmen's Compensation Law, § 57.10. The so-called scheduled injuries and disfigurements are not in conflict with that theory because they are actually legislative recognitions that certain types of injuries, *per se,* are presumed to affect adversely a man's earning capacity. But it is for the Legislature to determine what injuries shall be included in that category. Ruddy v. I. D. Griffith & Co., Del., 237 A.2d 700. Our Act has accordingly prescribed certain kinds of "scheduled" injuries which will be

presumed to have caused additional loss. The loss of a leg, or even teeth, are obviously within that classification. Alloy Surfaces Company v. Cicamore, Del., 221 A.2d 480. But traumatic neurosis is not usually looked upon as a kind of injury which is necessarily or presumably *per se* disabling; it is a condition which is not analogous to any of those specifically set forth. If the Legislature intended so to treat it, we would have expected to find language which clearly demonstrated that intent. We hold, therefore, that the existence of a traumatic neurosis is not compensable *per se* under § 2326; if disability therefrom exists, the remedy must be sought under other sections.

The ruling below will be reversed.

