**ERNEST DI SABATINO & SONS, INC.,**
Employer-Appellant,

v.

**Thomas APOSTOLICO, Jr., Employee-Appellee.**

Supreme Court of Delaware.

Sept. 17, 1970.

B. Wilson Redfearn, of Tybout & Redfearn, Wilmington, for appellant.

Oliver V. Suddard, Wilmington, for appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

CAREY, Justice:

This is a workmen's compensation case. The appellant, Ernest Di Sabatino & Sons, Inc., is the employer of the appellee, Thomas Apostolico, Jr. The question presented is whether or not an employee is entitled to receive workmen's compensation benefits under both T. 19 Del.C. § 2325, for partial disability for work, and § 2326, for certain scheduled permanent injuries. We answered this question in the affirmative in Alloy Surfaces Company v. Cicamore, Del.Supr., 221 A.2d 480 (1966), and we adhere to that decision.

The appellee was injured in the course of his employment as a bricklayer and for several months was totally disabled, during which period he received compensation under T. 19 Del.C. § 2324. He was able to

return to work in 1968 but, because of his condition, was compelled to accept a much lighter job at wages about $75 per week less than he earned prior to his injury. After returning to work at the new job, he was paid compensation under § 2325 for partial disability. The Industrial Accident Board later held that he was entitled to additional compensation under § 2326, after finding that he had reached maximum healing for his permanent injuries, which should be regarded as a scheduled loss to the body as a whole. This holding was approved by the Superior Court on appeal. 260 A.2d 710. It is undisputed that he continues to earn reduced wages and that he has a permanent partial disability.

In Alloy Surfaces Company v. Cicamore, *supra*, we quoted the pertinent sections of our statute. They have not been changed since the date of that decision in 1966. In summary, § 2324 provides for injuries resulting in total disability, under which payments cease when disability ceases; there is no maximum time limit for payments thereunder. Section 2325 provides for injuries resulting in partial disability for work; it shall be paid during the period of such partial disability, not exceeding 300 weeks. Section 2326 provides payments for certain permanent injuries, regardless of earning power; a rather lengthy schedule of specific losses is set forth, together with a paragraph covering permanent impairment of the usefulness of a member or any physical function; there is also a provision for serious and permanent disfigurement, and another for the loss of any member or part of the body or loss of use of any such member or part, other than those specifically described; the final subsection specifically states that, subject to subsection (e) (which deals with certain specific losses), the compensation provided for in this § 2326 shall be paid in addition to the compensation provided for in §§ 2324 and 2325.

Notwithstanding the last mentioned subsection, the appellant here contends that, after a person with a perma-

nent injury has reached maximum healing, he should receive compensation thenceforth for his "permanent partial disability" under § 2326, rather than for "temporary partial disability" under § 2325. To support this contention, it argues that the law in other states divides compensation payments into three types—temporary total disability payments, permanent partial disability payments, and temporary partial disability payments, benefits being payable only for one type of benefits at a given time. The difficulty with this contention is that Delaware's statute differs in this respect from that of any other state which has been brought to our attention. Sections 2324 and 2325 speak only of total disability and partial disability; the words "permanent" and "temporary" do not appear in either of these sections. If the disability is total, the employee continues to receive benefits under § 2324 until the disability ceases, which may be upon his death. Section 2325 provides payments for partial disability, with a maximum period of 300 weeks. Only in § 2326 do we find the word "permanent." This section provides that the compensation under it is to be paid "regardless of the earning power of the injured employee." In short, the first two sections are designed to reimburse an employee, at least in part, for loss of earnings; under the third section, regardless of earning power, the employee is to be paid for bodily injury in addition to the compensation for loss of earnings provided for in the first two sections. We think it would be judicial legislation on our part to construe the first two sections as though the word "temporary" were in them. If there be any maladjustment of awards allowable for different injuries, it is a matter for the lawmaking authorities to adjust. General Motors Corp. v. Vaccarini, Del.Supr., 9 Terry 80, 97 A.2d 550 (1953). Compare Ernest Di Sabatino & Sons, Inc. v. Apostolico (Magness v. Waller, etc.), Del. Super., 260 A.2d 710 (1969).

The judgment of the Court below will be affirmed.