**CHRYSLER CORPORATION, Appellant-Employer,**

v.

**John CHAMBERS, Appellee-Employee.**

Superior Court of Delaware,
New Castle.

Feb. 17, 1972.

Carl Schnee, Tybout, Redfearn & Schnee, Wilmington, for appellant-employer.

Oliver V. Suddard, Wilmington, for appellee-employee.

## OPINION

O'HARA, Judge.

The Chrysler Corporation ("Chrysler") appeals from a decision of the Industrial Accident Board ("Board") allowing one John Chambers ("claimant") permanent injury compensation under 19 Del.C. § 2326(g). That section, after reciting the schedule benefits for certain permanent injuries, reads in pertinent part:

"(g) The Board shall award proper and equitable compensation for the loss of

any member or part of the body or loss of use of any member or part of the body up to 300 weeks which shall be paid at the rate of 66⅔ per centum of his weekly wages, but no compensation shall be awarded when such loss was caused by the loss of or the loss of use of a member of the body for which compensation payments are already provided by the terms of this section."

The record indicates that claimant had been working as a solder grinder in the body shop of Chrysler's Newark assembly plant. On March 29, 1965, claimant in the course of his employment sustained injury when, while operating a grinder, a disc shattered propelling a piece of disc into claimant's scrotum. Eventually, an orchiectomy or surgical removal of claimant's left testicle was necessitated. This operation was performed without complication by Dr. John Furlong, Jr., a specialist in urology, on October 11, 1966. Subsequently, claimant experienced severe pains incident to sexual arousal which prevented him from copulation except on an extremely infrequent basis.

Initially, the Board, by award dated April 16, 1969, granted the claimant 130 weeks compensation for "loss of left testicle and resulting psychiatric impairment". On appeal, the Superior Court remanded to the Board to await decision of a matter then pending in the Supreme Court. Cf. Burton Transportation Center, Inc. v. Willoughby, 265 A.2d 22 (Del.Supr.Ct.1970). After remand the Board, on October 7, 1970, reduced claimant's award to 20 percent permanent disability (a total of 60 weeks) for the purely physical loss of use of the testicle. In that decision the Board concluded that claimant's malady without a doubt had its genesis in a traumatic neurosis, but, on authority of Burton, refused to consider claimant's loss of sexual function attributed to psychological origins as a factor in rendering their award.

Neither of the respective parties take issue with that part of the Board's decision excluding psychological impairment of function as a compensible factor under 19 Del.C. § 2326(g). However, the parties disagree as to whether it is incumbent upon a claimant who has suffered the loss of one testicle to establish a resultant medical disability or functional loss as a condition precedent to an award of compensation under the aforementioned section. If this be the case, the Court must review the record to ascertain whether there was sufficient evidence adduced before the Board to sustain claimant's alleged burden.

Chrysler concedes that claimant's loss of one testicle was caused by an industrial accident. Notwithstanding, Chrysler's position is that bodily impairment per se is not the test of a compensible injury within the intendment of § 2326(g). Chrysler maintains that claimant is not entitled to workman's compensation for this particular loss because the removal of the left testicle, from a biological standpoint, has absolutely no adverse medical impact upon the claimant in light of the compensating potential of the remaining testicle. In this connection, Chrysler contends that the evidence presented is insufficient to justify the conclusion that claimant's reproductive potential or physical ability to function sexually is any less than that existing prior to the orchiectomy. Accordingly, Chrysler concludes that an award of compensation under § 2326(g), in the absence of a resultant loss of physical function, may be characterized as a statutorily unauthorized attempt to render indemnification properly left to the field of Health Insurance.

Claimant argues that the absence of a functional loss resulting from a bodily injury in the course of employment is not fatal to the granting of benefits pursuant to § 2326(g). In the alternative, even if a functional loss is a prerequisite for compensation, the loss of a member or part of the body inevitably lessens the efficiency of the entire organism and (unless vestigial) perforce involves a functional loss. Claimant relies in this latter argument on a line of New Jersey decisions as espousing "the whole man" concept. Cf. Hercules

Powder Co. v. Morris County Court, 93 N.J.L. 93, 107 A. 433 (N.J.Supr.Ct.1919). Finally, claimant argues that the record warrants a factual finding of a functional loss which is compensible.

■ Compensation for a specific permanent injury under § 2326(g) of the Delaware Workmen's Compensation law is in the nature of damages or indemnity for the physical *or* functional loss of a member of the body and is to be awarded irrespective of a loss of earning power. 19 Del.C. § 2326(g) ; 99 C.J.S. Workmen's Compensation § 306; Alloy Surfaces Company v. Cicamore, 221 A.2d 480 (Del.Supr.Ct.1966). Accordingly, this Court finds no merit in the position of Chrysler, but, on the contrary, finds that the Board acted within its discretion in awarding compensation for the purely physical loss of claimant's testicle.

■ The clear language of 19 Del.C. § 2326(g) expressly states that equitable compensation shall be allowed either for the loss of a member of the body or the use thereof. A testicle exists independently as a differentiated constituent element of the human body, and, therefore, for purposes of the above statute may be deemed a "member of the body", the loss of which warrants compensation. Notwithstanding this literal language, Chrysler asserts that bodily impairment per se is not the test of compensible injury under § 2326(g). Chrysler contends that it is claimant's burden to demonstrate a functional loss. This Court disagrees.

■ It is noted, preliminarily, that it would appear true by definition that the loss of any non-vestigial member of the body would necessarily involve a functional loss. However, Chrysler's position that functional loss is essential for compensation under § 2326(g) is further refuted by inferences drawn from the structure of the statute. In the opinion of the Court the theoretical significance of functional bodily loss in determining an award of workman's compensation lies in the presumed direct relationship between such loss and a loss of earning capacity. Thus, where, as in § 2326(g), the legislature has by statutory enactment presumed a loss of earnings incident to certain injuries, the inference suggested is that a loss of physical function is not an indispensible condition precedent to the recovery of benefits. Cf. Burton Transportation Center, Inc. v. Willoughby, supra. Moreover, the Court is cognizant that by virtue of § 2326(i) an award rendered under subsection (g) is cumulative to benefits received under 19 Del.C. § 2324 and § 2325. This is not a typical provision. The aforementioned sections provide compensation for total and partial disability respectively until the disability ceases and are designed to reimburse the employee for lost earnings. Ernest DiSabatino & Sons, Inc. v. Apostolico, 269 A.2d 552 (Del.Supr.Ct.1970). In light of subsection (i), it would be redundant to attribute this same basis to an award under § 2326(g). Rather, the cases suggest that one of the purposes of § 2326(g) is to compensate the employee for the specific injury per se, and the Court holds this to be the case. Ernest DeSabatino & Sons, Inc. v. Apostolico, supra. Accordingly the Court must conclude that claimant is entitled to compensation under § 2326(g) for the loss of one testicle irrespective of any loss in sexual function. Cf. Guy Johnston Construction Co. v. Kennedy, 287 A.2d 658 (Del.Super.Ct., 1970).

In passing, the Court notes the argument raised by Chrysler citing Alloy Surfaces Company v. Cicamore, supra, inter alia, to the effect that in all the Delaware decisions to date the award of compensation under subsection (g) has been premised on a loss of physical function. Notwithstanding the compensatory aspects of the other testicle, the instant claimant did, in fact, lose the service of the lost testicle.

Moreover, Chrysler has misread the holding in the *Alloy* case. That case merely stated that the Board *could* consider the extent to which false dentures reduced the

injured claimant's inability to masticate, as a result of loss of teeth, for the purpose of setting equitable compensation. 19 Del.C. § 2326(g). It cannot be read, as Chrysler suggests, as positing a direct relationship between an award under subsection (g) and physical loss of bodily function.

For the aforementioned reasons, the order of the Board should be affirmed.

It is so ordered.