**Grover WILLIAMS, Appellee Below, Appellant,**

v.

**CHRYSLER CORPORATION, Appellant Below, Appellee.**

Supreme Court of Delaware.

June 9, 1972.

Oliver V. Suddard, Wilmington, for appellee below, appellant.

Carl Schnee, of Tybout, Redfearn & Schnee, Wilmington, for appellant below, appellee.

Before WOLCOTT, C. J., and CAREY and HERRMANN, JJ.

HERRMANN, Justice:

In this workmen's compensation case, the employee sustained multiple fractures of the leg for which he received total disability payments for some time under 19 Del.C. § 2324. Thereafter, he petitioned for compensation for permanent injury under 19 Del.C. § 2326. The Industrial Accident Board heard medical testimony, as to the percentage of permanent impairment suffered by the employee, based upon considerations of occupation and detrimental effect upon work capabilities. The Board decided that, in awarding compensation for permanent injury under § 2326, it should not "consider impairment in isolation"; that an injury "may result in a higher percentage of disability * * * when it is applied to a worker in the manual labor field than for a worker pursuing purely abstract or intellectual endeavors". The employer appealed on the ground that the Board erred in considering factors of occupation, work activities, and earning capacity in making an award for permanent loss under § 2326. The Superior Court reversed. See 282 A.2d 629 (1971). The employee now appeals.

We affirm for the reasons stated by the Superior Court.

In Ernest DiSabatino & Sons, Inc. v. Apostolico, Del.Supr., 269 A.2d 552 (1970),* we pointed out that § 2324 (compensation for total disability) and § 2325 (compensation for partial disability) are addressed to impairment of earning capacity, but that § 2326 deals with permanent injury "regardless of the earning power of the injured employee after the injury"; and it was there summarized:

"In short, the first two sections are designed to reimburse an employee, at least in part, for loss of earnings; under

---

* It may be significant that the Board's decision in the instant case was rendered before the publication of *DiSabatino*.

the third section, regardless of earning power, the employee is to be paid for bodily injury in addition to the compensation for loss of earnings provided for in the first two sections."

See also Alloy Surfaces Company v. Cicamore, Del.Supr., 221 A.2d 480, 483–484 (1966).

Thus, in its § 2326 deliberations in this case, the Board erred in considering factors other than those directly related to general .physical impairment or disability. Other factors considered by the Board, such as impairment of work capability, are for consideration in § 2324 or § 2325 proceedings only, either of which sections may be invoked in conjunction with, or in addition to, § 2326 proceedings. As indicated in *DiSabatino* and *Alloy Surfaces,* we are satisfied that such segregation of § 2326 is the intent and design of our Workmen's Compensation Law.

Affirmed.