Sefis **RAMEY, Claimant-Plaintiff, Appellant,**

v.

**DELAWARE MATERIALS INC., Employer-Defendant, Appellee.**

Supreme Court of Delaware.

Submitted Jan. 11, 1979.

Decided March 2, 1979.

Richard Allen Paul, of Paul, Lukoff & Hurley, Wilmington, for claimant-plaintiff-appellant.

Richard P. S. Hannum, of Prickett, Ward, Burt & Sanders, Wilmington, for employer-defendant-appellee.

Before DUFFY, McNEILLY and QUILLEN, JJ.

DUFFY, Justice:

In this Workmen's Compensation case, the claimant appeals from an order of the Superior Court reversing an award of compensation by the Industrial Accident Board. The issue is whether the claimant is entitled to compensation under 19 *Del.C.* § 2326(g) for loss of use of a part of his body.

---

**I**

Sefis Ramey (claimant) was employed as a truck driver by Delaware Materials, Inc. (employer). While Ramey was working, he attempted to cover the material in his truck with a tarpaulin. When a cover strap accidentally unfastened, a hook at the end of the strap struck Ramey between the eyes, knocking him unconscious. Although Ramey missed only one day of work at that time,[1] he began to suffer severe headaches, nervousness, dizziness and occasional blackouts. He eventually had to stop driving a truck because of the injury.

The Industrial Accident Board held a hearing on Ramey's application for benefits under 19 *Del.C.* § 2326(g), which authorizes compensation for an injury which causes "loss of use of any . . . part of the body."[2] After considering the medical testimony at the hearing, the Board found that the claimant had sustained what it characterized as "brain disability" and awarded compensation based on a period of one hundred weeks.

The employer appealed from the order by the Board to the Superior Court. Relying on the opinion of this Court in *Burton Transportation Center, Inc. v. Willoughby,* Del.Supr., 265 A.2d 22 (1970), the Superior Court reversed the Board's decision, after determining that the evidence proved only that the claimant was suffering from a generalized condition of neurosis. Ramey then docketed this appeal.

---

**II**

In *Burton,* we reversed a Superior Court order affirming an award of compensation under § 2326(g) by the Industrial Accident Board. There the claimant was injured when a tire exploded while he was working

---

1. While the employer argues to the contrary, we assume for present purposes that Ramey's incapacity continued for more than the three-day minimum period required by 19 *Del.C.* § 2321 as a prerequisite to compensation under the Act.

2. 19 *Del.C.* § 2326(g) states:

 "The Board shall award proper and equitable compensation for the loss of any member or part of the body or loss of use of any member or part of the body up to 300 weeks which shall be paid at the rate of 66⅔ percent of . . . weekly wages, but no compensation shall be awarded when such loss was caused by the loss of or the loss of use of a member of the body for which compensation payments are already provided by the terms of this section."

as an automobile mechanic, and he sought compensation for permanent disability based on a general condition of traumatic neurosis. This Court ruled that a traumatic neurosis is not compensable *per se* under § 2326(g).

After a careful review of Ramey's contentions, we conclude that *Burton* is controlling and should be followed. As the Court said in that case:

"It should be made plain at the outset that we are not here concerned with the problem of whether or not disability resulting from traumatic neurosis is compensable under § 2324 or § 2325. The former section provides compensation for total disability, permanent or temporary; the latter provides compensation for partial disability except in the particular cases described in subsections (a)–(g) of § 2326. It has been generally recognized in other states that *disability* resulting from traumatic neurosis is compensable, 1A Larson Workmen's Compensation Law, § 42–21, etc.; such a case would doubtless come within the scope of § 2324 or § 2325; Cf. *Fiorucci v. C. F. Braun & Co.,* 4 Storey 79, 173 A.2d 635. But this claim is not presented to us on the basis of actually proven disability in the sense of loss of earnings or earning capacity. On the contrary, it is based solely on the supposition that the illness is a partial loss of use of a 'part of the body' within the meaning of that term in § 2326(g). . . . [T]he Board . . . considered that the mind or nervous system is a 'part of the body' and that a traumatic neurosis is a partial loss of use thereof. We think, on the other hand, that the term 'part of the body' is intended to refer to some specific identifiable member or organ of the body, and should not be stretched to include a general condition of psychosis or neurosis."

265 *A.2d* at 23, 24.

This, too, is exclusively a § 2326 case, that is, Ramey relies only that section of the Compensation Act which provides compensation for loss of or loss of use of certain specified parts of the body. But, stripped to its essentials, Ramey's claim is based on a personality change [3] and *Burton* holds that such a claim may be compensable under § 2324 or § 2325 but not under § 2326. In this significant respect, the case is distinguished from *Sturgill v. M & M, Inc.,* Del. Supr., 329 A.2d 360 (1974); *Avon Products, Inc. v. Lamparski,* Del.Supr., 293 A.2d 559 (1972); *Sears, Roebuck and Co. v. Farley,* Del.Supr., 290 A.2d 639 (1972); and similar cases in which psychogenic factors enhanced or contributed to a skeletal-muscular disability. Here, the *entire* claim is psychogenic in nature.

It follows, therefore, that the Superior Court correctly applied the governing law and that Ramey is not entitled to compensation under § 2326(g).

\* \* \* \* \* \*

Affirmed.

---

3. The claimant's medical testimony was presented by Dr. George Voegele, a psychiatrist, who attributed Ramey's disability to his "mind," but carefully avoided locating the "mind" in a specific "part of the body" (which is the terminology used in § 2326(g)).