**Samuel D. SMITH, Claimant-Appellant, Below-Appellant,**

v.

**FERALLOY CORPORATION, Employer-Appellee, Below-Appellee.**

Supreme Court of Delaware.

Submitted: March 15, 1983.

Decided: April 19, 1983.

Michael Weiss (argued) of Kimmel & Spiller, P.A., Wilmington, for claimant-appellant, below-appellant.

Robert W. Ralston (argued) of Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, for employer-appellee, below-appellee.

Before HERRMANN, C.J., McNEILLY and MOORE, JJ.

McNEILLY, Justice:

In this Workman's Compensation case, the claimant appeals from an order of the Superior Court upholding a denial of compensation by the Industrial Accident Board (Board). The principal issue is whether 19 *Del.C.* § 2321 requires a claimant to be incapacitated for three days before he can recover Workman's Compensation.

I

On April 30, 1973 Samuel Smith (claimant) began working for Feralloy Corporation (employer). In October, 1977 claimant accepted a position in the corporation as a maintenance man working on large, noisy equipment in the employer's steel fabricating plant. In September, 1980 upon undergoing examination by a Delaware Air National Guard physician, Dr. Robinson, claimant first learned that he was suffering from hearing loss in each ear. While Dr. Robinson informed claimant that he was presently suffering from a hearing loss at 16.9% of the right ear and 15% of the left ear, he told claimant that in order to determine whether or not the hearing loss was permanent and in order to determine the extent of the permanency, it was necessary to take into account a phenomenon known as temporary threshold shift, hearing loss resulting from noise exposure. Dr. Robinson advised claimant that he should wear hearing protection, and in order to determine whether or not there was any temporary threshold shift claimant would have to be off from work and away from the noise exposure.

After receiving this information claimant on October 27, 1980 filed a petition with the Board seeking compensation for the alleged loss of hearing. However, claimant continued to work, not missing anytime due to his hearing problem until February 2, 1981. On February 2, 1981 claimant suffered a back injury which prevented him from working. At the time of the Board proceeding on claimant's loss of hearing claim, claimant had still not returned to work due to his back injury. The Board found that claimant had not missed anytime from work nor had he lost any wages due to his hearing problem, but his lost time and wages were due to his unrelated back problem.

Faced with this record, the Board determined that claimant had missed no work because of an ear problem and, therefore, claimant was not entitled to compensation for permanent injury because of the requirements of 19 *Del.C.* § 2321. The Superior Court upheld this decision finding that in order to qualify for benefits under § 2321 an employee must miss at least three days from work.

II

The first issue confronting us is whether § 2321 bars claimant's action in the instant case. § 2321 provides:

No compensation shall be paid for any injury which does not incapacitate the employee for a period of 3 days from earning full wages, and compensation shall begin on the fourth day of incapacity after the injury, unless the incapacity extends to 7 days, including the day of injury, or unless the incapacity is caused by the amputation of a member of the body or a part thereof, or unless the incapacity results in the hospitalization of

the employee. In the case of incapacity for a 7 day period, amputation or hospitalization, the employee shall not be excluded from receiving compensation for the first 3 days of incapacity.

The statute at issue is plain on its face. In order to recover loss of earnings for disability under § 2321 a claimant must show that he was incapacitated for a period of 3 days from earning full wages. The clear facts, which we find supported by sufficient evidence, reveal that claimant did not miss any time from work nor did he lose any earnings as a result of his hearing difficulty, and as such § 2321 prevents him from receiving compensation.[1]

This decision is in no way inconsistent with *Ramey v. Delaware Materials, Inc.,* Del.Supr., 399 A.2d 205 (1979). In *Ramey* we assumed without deciding, that claimant had been incapacitated for more than 3 days. In *Ramey* we simply did not address the issue raised and decided above.

### III

■ Claimant next contends that if § 2321 bars his claim then § 2321 is unconstitutional as depriving him of his property without due process of law. We find this argument to be without merit.

Claimant's constitutional argument is based on his assumption that he had a vested property interest in workmen's compensation benefits. A claimant only has a vested property interest in workmen's compensation benefits if the legislature has granted those benefits. Where the legislature has made workmen's compensation benefits contingent upon the happening of some event, it cannot be said that a claimant has a vested property interest in those benefits until the contingent event occurs. Under § 2321 the General Assembly has conditioned the recovery of loss earnings for disability on a three-day limitations' period.

In that claimant never satisfied this contingency, he never had a vested right in those benefits and as such the subsequent denial of those benefits can in no way be said to violate due process.

### IV

■ Claimant's final contention is that he is entitled to compensation because he was incapacitated from earning full wages for three days. Claimant argues that he received medical advice to take time off from work due to his hearing problem, and since he was incapacitated for three days he has met the threshold requirement of § 2321. It is claimant's contention that his missing work for another reason is irrelevant. We disagree.

The Board found that claimant did not miss time from work because of his hearing problem. In that this finding is supported by sufficient evidence we cannot say that claimant is entitled to compensation pursuant to this argument. The reason for missing work is not only relevant to a determination for benefits under § 2321 but determinative.

For the above stated reasons, the judgment of the Superior Court is

\*    \*    \*    \*    \*    \*

AFFIRMED.

---

1. What is not clear from the statute is whether the three days must occur at the time of the injury. We are mindful of the situation where the employee is injured but the injury does not cause him to miss work until sometime later when unforeseen complications arise. However, since the instant claimant did not miss anytime from work due to his hearing problem, this issue is not before us and we therefore decline to address it.