Kane feels Kanaga should have advised her the new procedure was available.

**Sheila AIKEN, Plaintiff Below, Appellant,**

v.

**GENERAL MOTORS CORPORATION, Defendant Below, Appellee.**

No. 143, 1996.

Supreme Court of Delaware.

Submitted: Nov. 13, 1996.
Decided: Jan. 7, 1997.

Arthur M. Krawitz (argued), and Jessica L. Welch of Doroshow & Pasquale, Wilmington, for appellant.

Max S. Bell, Jr., and Claudia A. DelGross (argued), of Richards, Layton & Finger, Wilmington, for appellee.

Before WALSH, HOLLAND, BERGER, JJ., JACOBS, and STEELE, Vice Chancellors [1], constituting the Court *en Banc.*

HOLLAND, Justice:

This is an appeal from a judgment of the Superior Court. That judgment affirmed the Industrial Accident Board's ("Board") denial of benefits to the employee-appellant, Sheila Aiken ("Aiken"). The injury at issue occurred during the course of Aiken's employment with General Motors Corporation ("GMC"), the employer-appellee.

Aiken contends that the Board erred, as a matter of law, in denying her compensation for permanent disfigurement pursuant to 19 *Del.C.* § 2326(f), that was caused by an undisputed work-related industrial accident. In particular, Aiken argues that the Board erred in concluding that, as a condition precedent to her recovery, she was required to satisfy the requirements set forth in 19 *Del.C.* § 2321 (1985). This Court has concluded that Aiken's argument is correct.[2]

An examination of this Court's prior analysis of the statutory framework of Delaware's Workers' Compensation law compels the conclusion that meritorious claims for serious and permanent disfigurement under Section 2326(f) are compensable without regard to the requirements of Section 2321.

*Facts*

On September 6, 1991, Aiken was working at GMC as a "floater." The job assigned to Aiken required her to make automobile quarter panels and then hang them on hooks to be sent to the assembly line. While Aiken was putting a quarter panel on a hook, the line stopped. A quarter panel fell on her arm causing a laceration that was seven centimeters long.

Aiken was taken to GMC's "infirmary hospital." GMC's physician was absent from the infirmary at the time. Therefore, Aiken was taken by ambulance to the emergency room at Christiana Hospital. The emergency room staff "tacked" the wound closed. Aiken was also referred to a plastic surgeon, Abdollah M. Malek, M.D. ("Dr. Malek").

Dr. Malek saw Aiken on September 9, 1991. At that time, he reopened the wound and sutured it closed. Aiken reported back to work after the surgery on the same day, with her left arm in a sling. Aiken, who is left-handed, had been restricted by Dr. Malek from using her left arm. The initial restriction was until September 30, 1991. Aiken submitted her restriction slips to Dr. Goldstein, a physician at the GMC infirmary.

The record reflects that doctors Malek and Goldstein were not satisfied with the way Aiken's wound was healing. On October 2, 1991, Dr. Malek revised the laceration, excising it and closing it in layers. Dr. Malek testified that he performed this procedure in his office because he wanted it done as soon as possible. He would have had to wait three days for a hospital operating room. Aiken's restrictions on the use of her left arm were continued through November 4, 1991.

---

**1.** Sitting by designation pursuant to Supreme Court Rule 2 and DEL. CONST. art. IV § 12.

**2.** Because this issue is dispositive, the other contentions raised by Aiken will not be addressed in this opinion.

### Board Hearing

On June 10, 1993, Aiken filed a Petition with the Board to Determine Compensation Due. The parties were in agreement that Aiken's injury was work-related. The Board held a hearing on March 22, 1995. The sole issue in dispute was whether Aiken satisfied the minimum durational requirements of incapacity set forth in 19 *Del.C.* § 2321 (1985).

Aiken testified that she did not lose any time from work nor any wages as a result of this injury. Aiken also testified that she has no permanent impairment, loss of function, pain or discomfort in her arm from this injury. She does, however, have a scar which is approximately two and three-fourths inches in length and one-eighth to one-quarter of an inch in width.

The Board concluded that Aiken had not satisfied the three-day incapacity requirement set forth in 19 *Del.C.* § 2321 (1985). The Board also concluded that Aiken had not been hospitalized as a result of the incapacity, which would have rendered the three-day incapacity condition inapplicable. *See General Motors Corp. v. Jarrell,* Del.Super., 493 A.2d 978 (1985). Based on these conclusions, the Board denied Aiken's petition.

In its decision, the Board stated that "the scar is visible while the claimant is normally clothed and is viewed to be offensive." The Board further stated that, if Aiken's claim were compensable, it would award her $937 for permanent disfigurement pursuant to 19 *Del.C.* § 2326(f). The Superior Court's judgment affirmed the Board's determination.

### Issue on Appeal
### Section 2321 and Section 2326

The parties agree that this case presents a legal question of first impression. At issue is whether the minimum durational requirements of incapacity in 19 *Del.C.* § 2321 (1985) must be satisfied as a condition prece-

dent to recovery for serious and permanent disfigurement pursuant to Section 2326(f). At the time of Aiken's injury, Section 2321 [3] stated:

> **§ 2321. Minimum duration of incapacity.**
>
> No compensation shall be paid for any injury which does not incapacitate the employee for a period of 3 days from earning full wages, and compensation shall begin on the fourth day of incapacity after the injury, unless the incapacity extends to 7 days, including the day of injury, or unless the incapacity is caused by the amputation of a member of the body or a part thereof, or unless the incapacity results in the hospitalization of the employee. In the case of incapacity for a 7 day period, amputation or hospitalization, the employee shall not be excluded from receiving compensation for the first 3 days of incapacity.

19 *Del.C.* § 2321 (1985). That version of Section 2321 is controlling in this proceeding. *Cooper v. Chrysler Corp.,* Del.Supr., 426 A.2d 322 (1981). Section 2326(f) provides: "The Board *shall award* proper and equitable compensation for serious and permanent disfigurement to any part of the human body up to 150 weeks, provided that such disfigurement is visible and offensive when the body is clothed normally...." 19 *Del.C.* § 2326(f) (emphasis added).

### Section 2321 Conditions
### Lost Earnings Compensation
### Total or Partial Disability

Section 2321 reflects a determination by the General Assembly to condition the recovery of *lost earnings* for disability on a minimum incapacity of three days. *Smith v. Feralloy Corp.,* Del.Supr., 460 A.2d 516, 518 (1983). This Court has upheld the legislature's prerogative to set that precondition to recovery for loss of earnings disability compensation. *Id.* "In Work[ers'] Compensa-

---

3. As of July, 1996, Section 2321 provides:

   **§ 2321. Minimum duration of incapacity.**

   Permanent injury relating to hearing or vision loss, surgical, medical and hospital services, medicines and supplies, and funeral benefits shall be paid from the 1st day of injury. Beginning with the 4th day of incapacity, all compensation otherwise provided by law shall be paid. If incapacity, all compensation otherwise provided by law shall be paid. If the incapacity extends to 7 days or more, including the day of injury, the employee shall receive all compensation otherwise provided by law from the 1st day of injury.

   19 *Del.C.* § 2321 (Supp.1996).

tion cases, disability refers to the inability, as the result of a work-connected injury, to perform or obtain work suitable to the claimant's qualifications and training." *Burton Transp. Ctr., Inc. v. Willoughby*, Del.Supr., 265 A.2d 22, 24 (1970).

The substantive provisions regarding disability compensation for *lost earnings* are set forth in Section 2324 and 2325. Section 2325 provides payments for partial disability, subject to a maximum payment period of 300 weeks. 19 *Del.C.* § 2325. If the disability is total, Section 2324 provides for the payment of compensation until that disability ceases. 19 *Del.C.* § 2324.

### Section 2326
### Permanent Injury Compensation
### Independent Recovery Conditions

Section 2326 provides compensation for certain permanent injuries. Aiken's claim for compensation was filed pursuant to Section 2326(f) rather than Section 2324 or Section 2325. Section 2326(a) states that compensation is to be awarded "regardless of the earning power of the employee" after the industrial injury. *Ernest DiSabatino & Sons, Inc. v. Apostolico*, Del.Supr., 269 A.2d 552, 553 (1970).

This Court has consistently held that it was the "intent and design of our Work[ers'] Compensation Law" to segregate Section 2326 from Sections 2324 and 2325. *Williams v. Chrysler Corp.*, Del.Supr., 293 A.2d 802, 803 (1972). We have summarized the operation of Sections 2324, 2325, and 2326 on at least two prior occasions. *Id.* at 802–03 (quoting *Ernest DiSabatino & Sons, Inc. v. Apostolico*, 269 A.2d at 553). Sections 2324 and 2325 "are designed to reimburse an employee, at least in part, for loss of earnings." *Id.* at 802 (quoting *Ernest DiSabatino & Sons, Inc. v. Apostolico*, 269 A.2d at 553). Under Section 2326, "regardless of earning power, the employee is to be paid for bodily injury in addition to the compensation for loss of earnings provided for in [Sections 2324 and 2325]." *Id.* at 803 (quoting *Ernest DiSabatino & Sons, Inc. v. Apostolico*, 269 A.2d at 553).

Section 2326 is a legislative recognition that certain permanent specifically "sched-uled injuries" and certain *disfigurements* are compensable *per se*. *Burton Transp. Ctr., Inc. v. Willoughby*, Del.Supr., 265 A.2d 22, 24 (1970). More than four decades ago, in a case involving another GMC employee, this Court held that the plain language of Section 2326(f) of Delaware's Workers' Compensation statute recognizes "*disfigurement* as an independent basis of recovery." *General Motors Corp. v. Vaccarini*, Del.Supr., 97 A.2d 550, 554 (1953); *accord Alloy Surfaces Co. v. Cicamore*, Del.Supr., 221 A.2d 480, 484 (1966). Accordingly, the minimum threshold preconditions imposed by Section 2321 are applicable only to the receipt of total or partial disability compensation for lost earnings under Sections 2324 and 2325. The Delaware General Assembly has determined that the sole condition precedent to the receipt of compensation for serious and permanent disfigurement from a work related injury is "that such disfigurement is visible and offensive when the body is clothed normally." 19 *Del.C.* § 2326(f).

### Conclusion

This Court has long recognized the unique independent and cumulative nature of the benefits provided to injured employees by Sections 2324, 2325, and 2326 of Delaware's Workers' Compensation law. *Ernest DiSabatino & Sons, Inc. v. Apostolico*, Del.Supr., 269 A.2d 552, 553 (1970); *General Motors Corp. v. Vaccarini*, Del.Supr., 97 A.2d 550, 554 (1953). The threshold requirements of Section 2321 are inapplicable to a claim for disfigurement under Section 2326(f). The only conditions precedent to such recovery are those specifically set forth in that section. The Board concluded that all of those criteria had been satisfied by Aiken.

The judgment of the Superior Court is reversed. This matter is remanded for further action by the Superior Court and the Industrial Accident Board, in accordance with this opinion. Upon request, after remand to the Board, the parties must be afforded an opportunity to present additional evidence.