**RICE'S BAKERY, Employer Below, Appellant, Cross-Appellee,**

v.

**Gerald ADKINS, Claimant Below, Appellee, Cross-Appellant.**

Supreme Court of Delaware.

July 27, 1970.

William J. Alsentzer, Jr., Wilmington, for Rice's Bakery.

Joseph T. Walsh, Wilmington, for Gerald Adkins.

WOLCOTT, C. J., and CAREY and HERRMAN, JJ., sitting.

WOLCOTT, Chief Justice.

This is an appeal by Rice's Bakery, the employer of a claimant under the Workmen's Compensation Law from an order of the Superior Court remanding the claimant's case to the Industrial Accident Board for further findings.

The claimant, Gerald Adkins, was a driver salesman for Rice's Bakery and in the course of his employment received a personal injury. The accident resulted in a prolonged period of difficulty with his back which subsequently required two operations. He received a laminectomy and spinal fusion in 1962, and suffered a second spinal fusion in 1963.

In 1961 claimant entered into an agreement with the employer providing for compensation for total disability. This agreement was approved by the Industrial Accident Board. Compensation was paid from 1961 until February, 1964 in which month a subsequent agreement was entered into between the parties. The second agreement provided compensation for partial disability for a period of 150 weeks. Following the termination of the second agreement for the payment of partial disability, claimant petitioned the Industrial Accident Board for a review on the ground that his incapacity for work had subsequently become permanent and total.

Following a hearing, the Industrial Accident Board held that a preponderance of evidence established that Adkins was still totally disabled. The Board ordered psychiatric treatment to be started at the cost of the employer's insurance carrier, and further provided that the case be reviewed six months after the date of the award to determine the effects of the psychiatric treatment.

The employer appealed to the Superior Court. That court held that there was no evidence of a competent nature in the record to justify a holding of any causal connection between the psychosomatic condition of the claimant's back and the accident suffered by him in the course of his employment. The cause was therefore remanded to the Industrial Accident Board with leave to both parties to produce further evidence upon the causal connection between the industrial accident and the psychosomatic disability the claimant is currently suffering under.

■ The trial judge in effect sent the cause back to the Industrial Accident Board to determine whether or not there was any causal connection between the industrial accident he suffered and his present psychological or neurotic disorder which prohibits him from working. The law seems settled that, provided a sufficient causal connection is proved by competent evidence between an industrial accident and a resulting psychological or neu-

rotic disorder resulting therefrom, such disability is compensable under Workmen's Compensation Law. See Fiorucci v. C. F. Braun & Co., 4 Storey 79, 173 A.2d 635 (Del.1961). We so hold.

The trial judge recognized that this might be the result and accordingly remanded the cause for further consideration by the Industrial Accident Board. He set forth his reasons in a well-considered opinion. Rice's Bakery v. Gerald Adkins, Del. Super., 267 A.2d 461 (1970).

We have considered the opinion of the court below, approve it, and accordingly affirm the remand to the Industrial Accident Board upon that opinion.