Augustus Scott, Appellant, *v.* Acme Wire Products, Inc., Liberty Mutual Insurance Co., Insurance Carrier, and Workmen's Compensation Appeal Board, Appellees.

Argued April 4, 1974, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Jay Meyers,* for appellant.

*John G. Jenemann,* with him *Joseph R. Thompson,* for appellees.

OPINION BY JUDGE MENCER, May 9, 1974:

This is an appeal by Augustus Scott (Scott) from an order of the Court of Common Pleas of Philadelphia County affirming an order of the Workmen's Com-

pensation Appeal Board (Board) which reversed a referee's award of compensation benefits .

Scott had been employed by Acme Wire Products, Inc. (Acme) as a rib bender for about 20 years. On March 7, 1967, while at work, he was attacked and seriously injured by a fellow employee, one Percy Hall (Hall). Scott was awarded compensation benefits after a hearing was held before a referee. Acme appealed this award to the Board which, without taking additional evidence, reversed the referee. The Court of Common Pleas of Philadelphia County then affirmed the Board and Scott filed this appeal.

The only issue presented throughout this litigation and again in this appeal is whether or not Scott's injuries are in a class of injuries which was specifically made noncompensable by Section 301(c) of The Pennsylvania Workmen's Compensation Act.[1] This section provided, *inter alia*: "The term 'injury by an accident in the course of his employment,' as used in this article, shall not include an injury caused by an act of a third person intended to injure the employe because of reasons personal to him, and not directed against him as an employe or because of his employment. . . ." Both the Board and the court below denied benefits on the ground that Scott did not suffer an "injury by an accident in the course of his employment" because the attack upon Scott was inflicted because of reasons personal to his assailant, Hall, and not because of his employment.

Our scope of review in workmen's compensation cases is limited to a determination as to whether constitutional rights were violated, an error of law committed, or any necessary finding of fact was not sup-

---

[1] Act of June 2, 1915, P. L. 736, as reenacted and amended by the Act of June 21, 1939, P. L. 520, §1. (The most recent amendment of this provision now appears at 77 P.S. §411(1).)

ported by substantial evidence. *Page's Department Store v. Workmen's Compensation Appeal Board,* 11 Pa. Commonwealth Ct. 126, 309 A. 2d 169 (1973). And where, as here, the Board has decided an issue prior to May 1, 1972 in favor of the party having the burden of proof,[2] our review is limited to a determination as to whether there is substantial evidence to support the findings of the *Board,* giving to the victorious party the benefit of the most favorable inferences to be drawn from the testimony. *See Carnovale v. Supreme Clothes, Inc.,* 7 Pa. Commonwealth Ct. 253, 298 A. 2d 640 (1973).

While we held in *Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973), that, unless the Board chooses to hear new evidence, we must rely on the facts as found by the *referee,* we also held that this change in the fact-finding role is only applicable to cases decided by the Board *after* May 1, 1972. Since the present case was decided by the Board long before that date, we are bound by the findings of the *Board* if they are supported by substantial evidence.

The Board found, *inter alia*:

"4. That prior to March 7, 1967, there had existed considerable animosity between claimant [Scott] and a fellow employe, one Percy Hall.

. . . .

"6. That the incident was brought about when claimant [Scott], over the objections of Hall, persisted in smoking a cigar, and directing the smoke therefrom towards Hall."

[2] An employer has the burden of proving that an attack on his employee comes within the class of injuries made noncompensable by Section 301(c). *United States Steel Corporation v. Workmen's Compensation Appeal Board,* 10 Pa. Commonwealth Ct. 247, 309 A. 2d 842 (1973).

Our careful examination of the record reveals that both the above findings were supported by the testimony presented at the hearing before the referee. Finding number 4 was supported by the testimony of all the witnesses, including Scott himself who stated that he and Hall had not spoken to each other in over a year although they worked practically side by side. Although there was a conflict in testimony relative to finding number 6, this finding was adequately supported by the testimony given by Hall. The Board apparently chose to believe Hall on this point, and this determination of credibility was within the province of the Board as the factfinder. *See Rosenau Brothers Incorporated v. Workmen's Compensation Appeal Board,* 10 Pa. Commonwealth Ct. 462, 311 A. 2d 160 (1973).

In conclusion, we also hold that the above findings of the Board clearly support its legal conclusion that the attack on Scott was inflicted because of reasons personal to Hall and did not arise because of Scott's employment. *See McBride v. Hershey Chocolate Corporation,* 200 Pa. Superior Ct. 347, 188 A. 2d 775 (1963).

Order affirmed.