Lewis N. Boone, Widower of Alice, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Elco Corporation, Respondents.

Submitted on briefs, September 14, 1978, to Judges CRUMLISH, JR., ROGERS and CRAIG, sitting as a panel of three. Resubmitted and orally argued April 3, 1979, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, DISALLE, CRAIG and MACPHAIL. Judges ROGERS and BLATT did not participate.

*Edward F. Silva,* with him *Jack E. Feinberg,* for petitioner.

*Stanley H. Siegel,* with him *Siegel and Siegel,* and *James N. Diefenderfer,* for respondents.

PER CURIAM OPINION, June 20, 1979:

This is a petition for review seeking reversal of a denial of a claim for workmen's compensation benefits to Lewis N. Boone (claimant) for the death of his wife (decedent).

Decedent, an employee of the Elco Huntington Corporation (Elco), died on Elco's premises on October 23, 1972, after being shot by a co-employee, Blair Neal, who subsequently took his own life. Claimant filed a fatal claim petition which the referee denied, reasoning that since Neal killed decedent for reasons personal to him, Section 301(c) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411, rendered the death non-compensable. The Workmen's Compensation Appeal Board affirmed.

Our careful review of the record indicates that for several years decedent and Neal had been openly associating with each other inside the plant, spending considerable time together prior to the start of work, and also during lunch and other breaks. It appears further that shortly before her death, decedent decided to end the relationship. Neal, apparently unable to cope with this turn of events, obtained a gun and brought things to a swift and tragic conclusion.

It seems to us that this is exactly the kind of situation that Section 301(c) contemplates. We must affirm the denial of benefits because it is clear that Mrs. Boone died "by an act of a third person intended to injure [her] because of reasons personal to him, and not directed against [her] as an employee or because of [her] employment."

The order of the Workmen's Compensation Appeal Board will be affirmed.

PER CURIAM ORDER

AND Now, this 20th day of June, 1979, the order of the Workmen's Compensation Appeal Board, affirming the referee's denial of benefits to Lewis N. Boone, is hereby affirmed.