Brenda J. WARD, Plaintiff,

v.

GENERAL MOTORS CORPORATION, a
corporation of the State of Delaware
and Jim Bryan, Defendants.

Superior Court of Delaware,
New Castle County.

Resubmitted Feb. 13, 1981.

Decided March 13, 1981.

John Biggs, III, and Robert H. Hallsted, Jr., of Biggs & Battaglia, Wilmington, for plaintiff.

Max S. Bell, Jr., of Richards, Layton & Finger, Wilmington, for defendant General Motors Corp.

Mason E. Turner, Jr., of Prickett, Jones, Elliott & Kristol, Wilmington, for defendant Bryan.

I

TAYLOR, Judge.

The matter before this Court is the motion by defendant Bryan [Bryan] for summary judgment.

Plaintiff seeks damages for psychological injuries received while at work for defendant General Motors Corporation [General Motors] as a result of acts done by another General Motors employee on February 1, 1978. The alleged assault occurred at the General Motors plant during the working hours of both employees. Plaintiff alleges that on that day, Bryan came up to her while she was performing her assigned duties, and made several sexually suggestive remarks. Plaintiff asked Bryan to stop making such remarks to her, and to leave her alone. Bryan left, but returned later when plaintiff was alone. He offered her a cup of coffee, and as she held the cup of coffee, Bryan grabbed plaintiff from behind, and sexually assaulted her by rubbing areas of her body.

Plaintiff contends that as a result of this attack, she has sustained lasting psychological injuries, which have resulted in periodic muscle spasms in her neck, back and chest, as well as continual bouts of nausea and vomiting.

Bryan contends that plaintiff's exclusive remedy is under Workmen's Compensation and that this Court has no jurisdiction to entertain this action because the Industrial Accident Board has exclusive original jurisdiction over all claims within the coverage of the Workmen's Compensation Act. 19 Del.C. Ch. 23. Plaintiff opposes summary judgment, contending that her action is outside the reach of the Workmen's Compensation Act for two reasons. First, the basis of her action, the intentional assault, is specifically excluded as a compensable physical injury. Second, even if the assault in this case is not outside the jurisdiction of the Industrial Accident Board, her injuries are not of the type covered by Workmen's Compensation, and so her action is not within the exclusive jurisdiction of the Board.

II

19 *Del.C.* § 2304, entitled "Compensation as Exclusive Remedy," provides:

Every employer and employee, adult and minor, except as expressly excluded in this chapter, shall be bound by this chapter respectively to pay and to accept compensation for personal injury or death by accident arising out of and in the course of employment, regardless of the question of negligence and to the exclusion of all other rights and remedies.

The Delaware Supreme Court has construed this section to mean that workmen's compensation is the sole remedy available to an employee to recover from his employer for injuries which are covered by the Workmen's Compensation Law, 19 *Del.C.* Ch. 23. *Diamond State Telephone Co. v. University of Delaware*, Del.Supr., 269 A.2d 52 (1970); *General Motors Corporation v. McNemar*, Del.Supr., 202 A.2d 803 (1964).

19 *Del.C.* § 2363(a) reads:

(a) Where the injury for which compensation is payable under this chapter was caused under circumstances creating a legal liability in some person other than a natural person in the same employ or the employer, to pay damages in respect thereof, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall not act as an election of remedies, but such injured employee or his dependents or their personal representative may also proceed to enforce the liability of such third party for damages in accordance with this section. If the injured employee or his dependents or personal representative does not commence such action within 260 days after the occurrence of the personal injury, then the employer or its compensation carrier may, within the period of time for the commencement of actions prescribed by statute, enforce the liability of such other person in the name of that person. Not less than 30 days before the commencement of suit by any party under this section, such party shall notify, by registered mail at their last known address, the Industrial Accident Board, the injured employee or, in the event of his death, his known dependents or personal representative or his known next of kin, his employer and the workmen's compensation insurance carrier. Any party in interest shall have a right to join in said suit.

19 *Del.C.* § 2363(a) permits an employee who is entitled to compensation under the Workmen's Compensation Law to pursue a claim against a third party—anyone other than the employer or another employee of the employer—for damages resulting from injury or disease which is compensable under the Workmen's Compensation Law. Reading 19 *Del.C.* §§ 2304 and 2363(a) together, in general, suit may not be brought by one employee against another employee of the same employer for damages for a condition which is compensable under the Workmen's Compensation Law. *Groves v. Marvel*, Del.Supr., 213 A.2d 853 (1965); cf. *Dickinson v. Eastern R.R. Builders*, Del.Super., 378 A.2d 650 (1977), rev'd on other grounds, Del.Supr., 403 A.2d 717 (1978).

Compensation referred to in 19 *Del.C.* § 2304 is for "personal injury ... by accident ..." Section 2301(14) contains the following definition:

(14) "Personal injury sustained by accident arising out of and in the course of the employment":

\*　　\*　　\*　　\*　　\*　　\*

b. Shall not include any injury caused by the willful act of another employee directed against him by reasons personal to such employee and not directed against him as an employee or because of his employment.

Thus, personal injury is excluded from the coverage of the Workmen's Compensation Act where the injury was caused by the act of another employee whose act was "willful," and whose act was directed against the injured employee "by reasons personal to such employee and not directed against him as an employee or because of his employment."

This motion proceeds on the propositions that plaintiff and Bryan were "employees" of the same employer and that the injuries

complained of by plaintiff were produced by the act of Bryan.

### A.

One requisite for exclusion by virtue of § 2301(14)(b) is that the act by an employee who caused the injury must be "willful". In order for conduct to be willful there must be an actual intent to produce a result. *Law v. Gallegher*, Del.Supr., 197 A. 479 (1938). The act must have been done intentionally, knowingly and purposely. *Lobdell Car Wheel Co. v. Subielski*, Del.Super., 125 A. 462 (1924). The Delaware holdings are consistent with the definition found in *Black's Law Dictionary* (5th Ed.) p. 1443 and are similar to the definition of "intentionally" found in the Delaware Criminal Code at 11 *Del.C.* § 231(a). That definition is in harmony with decisions in other states. Cf. *Cleland Simpson Co. v. Workmen's Compensation App. Bd.*, 16 Pa. Cmwlth. 566, 332 A.2d 862 (1975); *O'Rourke v. O'Rourke*, 278 Pa. 52, 122 A. 172 (1923); *Commercial Insurance Company v. Marin*, Tex.Civ.App., 488 S.W.2d 861 (1972); *Vivier v. Lumbermen's Indemnity Exchange*, Tex. Comm'n.App., 250 S.W. 417 (1923). 19 *Del.C.* § 2301(14)(b) requires that it must have been willful. Accordingly, Bryan must have intended to do the act which plaintiff charges.

■ Bryan contends that this assault was not willful in that it was the result of a psychological disfunction or mental impairment which rendered him unable to form this intent or control his actions. The concept that a person's actions may not be willful because the person was unable to control his actions at the time of the occurrence because of psychiatric or neurological condition is recognized and if proved may result in the injured employee being entitled to workmen's compensation. 1 Larson, *Workmen's Compensation Law* § 11.32(a); *Cleland Simpson Co. v. Workmen's Compensation App. Bd.*, supra.

The affidavit of defendant's psychiatrist indicates that Bryan may have been acting under the influence of some psychological disability when he assaulted plaintiff.

There is deposition testimony by co-employees of defendant Bryan from which one may infer that Bryan was not in the grip of some psychological malady, but instead acted intentionally. An issue of fact exists as to this matter.

### B.

■ The second requisite for exclusion under 19 *Del.C.* § 2301(14)(b) is that the injury must have been directed against the victim "by reasons personal to such employee and not directed against [the victim] as an employee or because of [the victim's] employment." Under the facts of this case defendant's actions were not necessary or related to the duties of his job, nor did the duties of either defendant or plaintiff require them to work together or to be in close proximity or to communicate with each other. Thus, the expected employment conduct of each was isolated from the other. While employment caused each to be present at the same time and general location in the plant, I do not find that the mere fact that the setting for the injury was the time and place of employment renders the employment as a cause of the injury. Cf. 1 Larson, *Workmen's Compensation* § 11.16(a), (b) & (c), pp. 3–191–200. There is no indication that defendant's attitude toward plaintiff was generated or stimulated by duties or assignments or conditions of work, or by the fact that plaintiff was an employee of General Motors. Ibid. Hence, I do not find that the assault was "directed against [her] as an employee" or "because of [her] employment".

■ The remaining consideration under 19 *Del.C.* § 2301(14) is whether the assault was "directed against [plaintiff] by personal reasons". The consideration is whether the motivation or causation of the assault was founded on reasons which were personal between the wrongdoer and the victim. While a condition or feeling may exist on the part of both parties, I do not find that mutuality is required. Ordinarily, the Court will examine the reasons of the wrongdoer to determine whether the assault was motivated or caused by personal

reasons. The shooting of a waitress by a fellow employee because the waitress refused to have a date with him,[1] an assault on a waitress by a fellow employee after the waitress refused his advances,[2] the killing of an employee after she informed the wrongdoer that she was ending their lengthy love affair,[3] have been held to be personal reasons which barred Workmen's Compensation. A personal feud between the wrongdoer and the victim,[4] avenging a beating given by the victim to wrongdoer's brother,[5] avenging insulting remarks made by the victim to the wrongdoer[6] were held to be personal reasons which barred Workmen's Compensation. On the other hand, an attack on an employee by a stranger whose action was motivated by robbery[7] or mistake[8] as to identity was not directed at the employee by personal reasons and did not bar Workmen's Compensation.

■ Turning to the facts presented here, it is uncontroverted that Bryan first approached plaintiff, made several sexually suggestive remarks, and was rebuffed by plaintiff. He left, then returned some time later when plaintiff was relatively alone, performing her job as forklift operator, and assaulted her. Several conclusions could be drawn from this set of facts: (1) Bryan was attracted to plaintiff, was angry at being rebuffed, and so assaulted her; (2) Bryan was attracted to plaintiff, and, although rebuffed, felt that she would be more receptive to his advances when others were not around, and so waited until she was alone, and then assaulted her; (3) Bryan was acting under the influence of some psychological malady and so assaulted plaintiff.

It is apparent from the inferences which may be drawn from the facts that issues of Bryan's intent and motivation in assaulting plaintiff exist. All reasonable inferences concerning intent or other subjective reactions must be resolved in favor of the non-moving party and summary judgment is ordinarily inappropriate where motive or intention is at issue. *Continental Oil Company v. Pauley Petroleum, Inc.,* Del.Supr., 251 A.2d 824 (1969). *George v. Frank A. Robino, Inc.,* Del.Supr., 334 A.2d 223 (1975). Under this test, summary judgment must be denied.

III

■ Plaintiff also contends that since her injuries are psychological in nature, her claim is not within the coverage of the Workmen's Compensation Act, and therefore the exclusivity provision of the Act does not bar her present suit from the consideration of the Court. I conclude that the Workmen's Compensation Act may provide coverage for plaintiff's injuries, and thus plaintiff's suit may not be outside the exclusive coverage of the Workmen's Compensation Act for *that* reason.

It is generally conceded that an injury which is not compensable under the Workmen's Compensation Act may be the subject of suit. 2A Larson's *Workmen's Compensation Law,* § 65.00. Plaintiff contends that because her injuries are of psychological origin, they do not fall within the definition of 19 *Del.C.* § 2301(11) and hence are not compensable under Workmen's Compensation. Section 2301(11) provides:

1. *Scholtzhauer v. C. & L. Lunch Company,* N.Y.App., 233 N.Y. 12, 134 N.E. 701 (1922).

2. *Pryor v. Presbyterian Home for Women,* N.Y. App., 9 N.Y.2d 869, 216 N.Y.S.2d 691, 175 N.E.2d 823 (1961).

3. *Boone v. Workmen's Compensation Appeal Bd.,* Pa.Cmwlth., 43 Pa.Cmwlth. 452, 402 A.2d 569 (1979).

4. *Dolan v. Litton's Lunch,* Pa.Super., 397 Pa. 114, 152 A.2d 887 (1959); *Scott v. Acme Wire Products,* Inc., Pa.Cmwlth, 13 Pa.Cmwlth. 546, 319 A.2d 436 (1974).

5. *Highland's Underwriter's Insurance Co. v. McGrath,* Tex.Civ.App., 485 S.W.2d 593 (1972).

6. *Goodland v. L.S. Donaldson Co.,* Minn.Supr., 227 Minn. 583, 36 N.W.2d 4 (1949).

7. *Vivier v. Lumbermen's Indemnity Exchange,* Tex.Com.App., 250 S.W. 417 (1923).

8. *Cleland Simpson Co. v. Workmen's Comp. Appeal Bd.,* Pa.Cmwlth., 16 Pa.Cmwlth. 566, 332 A.2d 862 (1975).

"Injury" and "personal injury" mean violence to the physical structure of the body, such disease or infection as naturally results directly therefrom when reasonably treated, and compensable occupational diseases and compensable ionizing radiation injuries arising out of and in the course of employment.

In *Rice's Bakery v. Adkins*, Del.Supr., 269 A.2d 215 (1970), Chief Justice Wolcott stated:

The law seems settled that, provided a sufficient casual connection is proved by competent evidence between an industrial accident and a resulting psychological or neurotic disorder resulting therefrom, such disability is compensable under Workmen's Compensation Law. See *Fiorucci v. C. F. Braun & Co.*, [Del.Super., 4 Storey 79, 173 A.2d 635 (1961)].

In *Burton Transportation Center, Inc. v. Willoughby*, Del.Supr., 265 A.2d 22 (1970), although the Supreme Court held that compensation for partial loss of use of a part of the body was not available under 19 *Del.C.* § 2326(g) where the injury complained of was a post-traumatic neurosis, the Supreme Court reaffirmed its holding in *Rice's Bakery* concerning the availability of disability Workmen's Compensation payments where the claimants' psychological maladies were post-traumatic hysterical reactions following primary disabling physical injuries, stating:

It should be made plain at the outset that we are not here concerned with the problem of whether or not disability resulting from traumatic neurosis is compensable under § 2324 or § 2325. The former section provides compensation for total disability, permanent or temporary; the latter provides compensation for partial disability except in the particular cases described in subsections (a)–(g) of § 2326. It has been generally recognized in other states that disability resulting from traumatic neurosis is compensable, 1A Larson Workmen's Compensation Law, § 42–21, etc.; such a case would *doubtless* come within the scope of § 2324 or § 2325; Cf. *Fiorucci v. C. F. Braun & Co.*, 4 Storey 79, 173 A.2d 635.

The language of *Burton* was quoted with approval in *Ramey v. Delaware Materials, Inc.*, Del.Supr., 399 A.2d 205 (1979), which also involved the denial of compensation under 19 *Del.C.* § 2326(g) for loss of use of a part of the body for personality changes resulting from physical injury. In *Fiorucci v. C. F. Braun & Co.*, Del.Super., 173 A.2d 635 (1961); *Rice's Bakery v. Adkins*, supra; *Burton Transportation Center v. Willoughby*, supra; and *Ramey v. Delaware Materials, Inc.*, supra, each case involved a psychological condition which was produced by an initial physical trauma. The most obvious are the post-traumatic hysterical reactions involved in *Fiorucci* and *Rice's Bakery*, where the problems were psychological reactions to actual physical injuries; however, even in *Burton Transportation* and *Ramey*, where the *injuries* are purely psychological, there is an initial indication of some "violence to the physical structure of the body," from which the psychological injury results, such as a blow to the head, or an explosion which injures the claimant. Thus, a psychological malady stemming from a physical injury is within the definition of "such disease or infection as naturally results directly [from a physical injury] when reasonably treated."

Plaintiff's psychological condition is alleged to stem from an initial physical assault by Bryan, and as alleged may fall within the coverage of 19 *Del.C.* § 2324 or § 2325 as delineated by the Delaware Supreme Court. Although it appears that there was not serious physical injury to plaintiff, in the present factual posture of this case it cannot be said that the assault which occurred would not qualify as physical injury under the above sections. Therefore, there can be no dispositive decision on this issue at this stage.

## IV

Since it cannot be determined at this stage that plaintiff's claim is within the coverage of Workmen's Compensation, there remains the issue of whether that determination should be made by this Court

which exercises general jurisdiction in civil litigation or by the Industrial Accident Board whose sole jurisdiction is to exercise exclusive jurisdiction over compensation for employment related injuries. This determination can be made only after evidentiary facts are evaluated and tested under the pertinent law.

This problem has spawned two schools of thought. One line of cases suggests that whenever a case may be within the reach of the Workmen's Compensation Act, it should be referred to the administrative body involved, because that body has the original jurisdiction to determine whether an employee's claim is covered by Workmen's Compensation. See *Herman v. Theis*, 10 Mich.App. 684, 160 N.W.2d 365 (1968); *Harrington v. Moss*, D.C. Ct.App., 407 A.2d 658 (1979). The other approach, which has been followed in a majority of the cases, considers the Court and the administrative agency to have concurrent jurisdiction to determine jurisdiction. Of the cases which applied that approach, some have permitted jurisdictional determination by the tribunal in which the case is filed, *Scott v. Industrial Accident Commission*, Cal.Supr., 46 Cal.2d 76, 293 P.2d 18 (1956); *Azevedo v. Industrial Accident Commission*, 52 Cal.Rptr. 283, 243 Cal.App.2d 370 (1966); *Miller Construction Co. v. Wenthold*, Okl.Supr., 458 P.2d 637 (1969); *Anderson v. Gailey*, Idaho Supr., 555 P.2d 144 (1976).

More recent decisions have permitted proceedings to progress according to their own pace until the issue of jurisdiction has been resolved in either proceeding. *Jones v. Brown*, 13 Cal.App.3d 513, 89 Cal.Rptr. 651 (1970); *Busick v. Workmen's Compensation Appeals Board*, 7 Cal.3d 967, 104 Cal.Rptr. 42, 500 P.2d 1386 (1972). This proposition recognizes the basic power of any court to determine whether it has subject matter jurisdiction.

It is my judgment that the interests of justice are best served by the adoption of the latter approach. There is no indication that matters would be better resolved by deferring to the Industrial Accident Board in the determination of subject matter jur-isdiction. Nor is the Board's expertise in industrial problems required to determine whether the facts place jurisdiction in this Court or in the Industrial Accident Board. Furthermore, a decision of the Board is subject to appeal to this Court, 19 *Del.C.* § 2350, in which event this Court would review the validity of the determination of the Industrial Accident Board. *General Motors Corporation v. McNeman*, Del.Supr., 202 A.2d 803 (1964); *Reynolds v. Continental Can Company*, Del.Supr., 240 A.2d 135 (1968). See also 3 Larson's *Workmen's Compensation Law*, § 80.10.

Finally, it should be noted that defendant Bryan would not be a party to any proceeding before the Board. Thus, the doctrine of res judicata would not be available to the plaintiff, since there would be no identity of parties, nor would defendant Bryan have had the opportunity to litigate liability in the Board proceedings, *Foltz v. Pullman Incorporated*, Del.Super., 319 A.2d 38 (1974). Therefore, if the Board holds a hearing and determines that defendant Bryan's actions amounted to an intentional assault, divesting the Board of jurisdiction, plaintiff would still be required to litigate the question of defendant Bryan's liability in this Court.

It is apparent that, in order to avoid extended litigation and bind all parties, the determination of jurisdiction should be made in this Court. I conclude, therefore, that this Court may proceed to a determination based upon the evidence presented, of whether plaintiff's claim is by way of Workmen's Compensation or by this suit. Accordingly, defendant's motion for summary judgment is denied. IT IS SO ORDERED.