## Orrs Estate v. St. Joseph Hospital

*James A. Stapleton,* for plaintiffs.
*Otis W. Erisman* and *Richard A. Bausher,* for defendant.

ESHELMAN, T. J., *J.*, November 2, 1988—The matter now before us is defendant's motion for reconsideration of this court's denial of defendant's motion for summary judgment.

. This case arises out of the murder of Charla L. Orrs on July 25, 1982. Ms. Orrs, an employee of St. Joseph Hospital, was murdered on Walnut Street in Reading, Berks County, Pennsylvania, outside of the hospital at about 3:00 a.m. by an·intruder, Michael Breidenstein, who apparently forced her to leave the medical records office of the hospital where she had been working on the night shift.

Breidenstein was apprehended on the scene and later convicted of first degree murder, burglary and attempted rape. *Commonwealth v. Breidenstein,* Crim. no. 82127501 (Berks County, January 21, 1983), aff'd., 343 Pa. Super. 604, 494 A.2d 476 (1985). Appeal denied, no. 395 E.D. Alloc. Dkt. 1985 (Pa., September 30, 1985). The hospital paid the statutory death benefits under the Workmen's Compensation Act.

Defendant filed a motion for summary judgment dated November 7, 1985. The parties then agreed to take further discovery relating to the issues raised by the motion for summary judgment. The motion for summary judgment was then argued on May 5, 1986, and each side filed a supplemental brief.

On September 18, 1986, this court entered an order denying the hospital's motion for summary judgment. The hospital requested that the order be amended to certify the question for interlocutory appeal, but the estate opposed certification. Following argument on that motion, the hospital filed the present motion for reconsideration of order denying summary judgment on December 19, 1986, relying on its prior briefs. The estate filed its answer on

February 23, 1987, and the hospital filed a supplemental brief on March 2, 1987.

On December 4, 1987, the court entered an order directing defendant to list its motion for reconsideration for argument after January 31, 1988. Argument was held on March 7, 1988.

As an initial matter, it must be remembered that pursuant to rule 1035(b) of the Pennsylvania Rules of Civil Procedure a trial court may render summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Pa.R.C.P. 1035(b). *Bollinger v. Palmerton Area Communities Endeavor Inc.*, 241 Pa. Super. 341, 361 A.2d 676 (1976).

In ruling upon a motion for summary judgment, the court must view the record in the light most favorable to the non-moving party and must give the non-moving party the benefit of all reasonable inferences which can be drawn from the record. *Bollinger, supra; Just v. Sons of Italy Hall*, 240 Pa. Super. 416, 368 A.2d 308 (1976).

Furthermore, the court is not to decide any issue of fact, but is to determine only whether there exists a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law, and the court is required to resolve all doubts in this regard against the moving party. *Tom Morello Construction Company Inc. v. Bridgeport Federal Savings and Loan Association*, 280 Pa. Super. 239, 421 A.2d 747 (1980); *Bollinger, supra; Schacter v. Albert*, 212 Pa. Super. 58, 239 A.2d 841 (1968).

A review of the record reveals that there is no genuine issue as to any fact material to the legal question of coverage under the Workmen's Com-

pensation Act for Ms. Orrs' death. There is no dispute at all as to any of the following facts:

(1) Charla Orrs was an employee of St. Joseph Hospital.

(2) Charla Orrs was at her job and performing her duties during the early morning hours of July 25, 1982.

(3) At approximately 3:00 a.m. on July 25, 1982, while she was on the job, Charla Orrs was attacked and murdered by an assailant.

(4) Her assailant was Michael Breidenstein, who was subsequently convicted of her murder and sentenced to life in prison.

The parties have each admitted these facts in their pleadings or have conceded them for the purpose of adjudication of the summary judgment motion; nor is there any dispute regarding the assailant's sexual motivation for attacking Charla Orrs:

(5) Michael Breidenstein was a rapist, and his attack was sexual in motivation.

The evidence for Breidenstein's sexual motivation is: (a) the criminal trial testimony of Officer Rudy that Charla Orrs was found with her dress up and her panty hose ripped down; and (b) the criminal trial testimony of David Strohecker, another prisoner, who related that Breidenstein had confessed to Ms. Orrs' murder by telling him that he didn't want to kill her, just to have sex with her.

The only other matter of fact that could possibly be material to the legal issue here is whether Breidenstein knew Charla Orrs and attacked her because of some animus directed against her in particular.

The Pennsylvania Workmen's Compensation is intended to provide broad coverage for workers who sustain injuries "while the employee is actually

engaged in the furtherance of the business or affairs of the employer . . ."; 77 P.S. §411(1). When applicability of the act is challenged, the presumption favors coverage, and any party seeking to avoid coverage must rebut the presumption. *Dolan v. Linton's Lunch,* 397 Pa. 114, 125, 152 A.2d 887, 893 (1959). In the present case, it is the plaintiff's estate which seeks to avoid coverage under the Workmen's Compensation Act.

The only injuries arising in the course of employment that are not covered under the Workmen's Compensation Act are injuries "caused by an act of a third person intended to injure the employee because of reasons personal to him, not directed against him as an employee or because of his employment . . ." 77 P.S. §411(1).

This court can find no evidence that Ms. Orrs and Michael Breidenstein ever knew each other. Breidenstein testified at his criminal trial and has been deposed by counsel for the estate in this case. His testimony offers no evidence of any acquaintance with Ms. Orrs prior to their encounter the night of her death. The only evidence that the estate has ever adduced with any possible bearing on this issue is testimony that: (a) Breidenstein had sometimes entered the hospital; (b) Breidenstein knew the hospital's general layout and that some women employees worked near the Birch Street exit where the Medical Records Office was located; (c) early in the morning of July 25, 1982, Breidenstein was expelled from the hospital via that Birch Street exit after walking past the Medical Records Office; and (d) testimony of Linda Kalbach that Ms. Orrs had told her that "somebody was hassling her or something" at work. Ms. Orrs made that statement in one

hurried conversation about two weeks before her death. Ms. Kalbach did not connect this to Breidenstein at all.

Unfortunately, this evidence is insufficient to raise any genuine issue regarding any prior relationship between Breidenstein and Ms. Orrs, let alone that Breidenstein attacked Ms. Orrs for reasons arising out of any such relationship or out of any animus against her in particular. Thus, the final material facts as to which there is no genuine dispute are the following:

(6) There is no evidence of any prior personal relationship between Ms. Orrs and Breidenstein. ·

(7) There is no evidence that Breidenstein's attack was motivated by any feeling of animus against Ms. Orrs in particular.

Ms. Orrs was the victim of a rapist who was a stranger. She had the extreme misfortune of being there entirely by reason of her duties as an employee when the rapist entered the hospital. Breidenstein's entry into the hospital was not an occasion when Ms. Orrs' private life intruded into the work place, which is what the exception covers. Unlike *Boone v. Workmen's Compensation Appeal Board*, 43 Pa. Commw. 452, 402 A.2d 569 (1979), this is not a case in which a jilted lover entered the work place and murdered the employee. There is no dispute that Breidenstein was a rapist. He could have attacked any vulnerable female.

Accordingly, this case is governed by two recent holdings of the Superior Court involving workers killed on the job. In *Taynton v. Dersham*, 358 Pa. Super. 178, 516 A.2d 1241 (1986), appeal denied, 526 A.2d 1190 (1987), the Superior Court upheld judgment on the pleadings dismissing a similar claim:

"It is admitted that appellee was Ms. Taynton's

employer and that she was on her employer's premises acting in the furtherance of her employer's business at the time of her death. There is no allegation that she was killed by Sohmer for reasons personal to her. It was her misfortune to be minding the store at the time Sohmer entered. As a result, the exclusive remedy provisions of section 481 apply, and appellant's sole remedy against appellee is under the Workmen's Compensation Act." 358 Pa. Super. at 184-5, 516 A.2d at 1244-5.

Subsequently, in *Brooks v. Marriott Corp.,* 361 Pa. Super. 350, 522 A.2d 618 (1987) (reinstating a complaint dismissed on preliminary objections), the Superior Court declared that:

"[T]his exception to the coverage of the act [for injuries intentionally inflicted by a third party] applies to situations in which the third party's acts were motivated by a feeling of animus against the particular person injured. If the third party would have attacked a different person in the same position as the injured employee, that attack falls outside the exception and is covered exclusively by the act." 361 Pa. Super. at 356, 522 A.2d at 621.

Since the estate has produced no evidence that Breidenstein's attack on Ms. Orrs was motivated by any personal animus against her, this court is required to grant summary judgment in favor of the hospital and dismiss the case. *Leofsky v. Wawa Inc.,* Civil Action no. 202, June term 1983 (Chester County, February 26, 1987), aff'd per curiam, no. 593 Philadelphia 1987, petition for allowance of appeal pending, 920 E.D. Alloc. Dkt. 1987 (Pa).

Further, the case law is clear that an assault or murder of an employee on the job by a stranger is a work-related injury covered by the act. In *O'Rourke v. O'Rourke,* 278 Pa. 52, 122 Atl. 172 (1923), an employee, running an errand for his employer was

attacked en route by robbers and killed. Also, in *D'Agata National Inc. v. Workmen's Compensation Appeal Board,* 84 Pa. Commw. 527, 479 A.2d 98 (1984), an employee was compensated for the loss of an eye resulting from gunshot wounds inflicted on him by a holdup man when he happened upon a robbery at a mobile luncheonette on his employer's property.

Injury or death from a third-party assault is job-related whenever being on the job was what made the employee vulnerable to attack by the assailant. In *Workmen's Compensation Appeal Board v. Borough of Plum,* 20 Pa. Commw. 35, 340 A.2d 637 (1975), a truck driver was shot to death by escaping bank robbers while he was standing near his truck, which he had stopped en route from a paving plant to a job site. The court held that the decedent was engaged in his employer's business and that "but for hauling asphalt the decedent would not have been in a position to be shot."

"We have little difficulty in holding that the *injury to the decedent was clearly due to the necessity imposed by his job,* placing him at that time on Columbia Road [where he was discovered and shot by the bank robbers]." 20 Pa. Commw. at 40, 340 A.2d at 640. (emphasis supplied)

In conclusion, we are required to find that this civil action against St. Joseph Hospital for the death of Charla Orrs is barred because Workmen's Compensation provides the exclusive remedy against the hospital for the death of its employee on the job. Accordingly, this court finds granting the summary judgment in favor of defendant and against plaintiff is proper.

## AMENDED ORDER

And now, November 2, 1988, after argument and

upon consideration of the motion for reconsideration of defendant's motion for summary judgment, and briefs and all other filings by counsel in connection therewith, it is hereby ordered that the court's order dated September 18, 1986, is hereby amended to read as follows:

Defendant's motion for summary judgment is hereby granted and judgment shall be entered in favor of defendant, St. Joseph Hospital.