550 A.2d 264

Globe Lining, Inc. and Maryland Casualty Company, Petitioners *v.* Workmen's Compensation Appeal Board (Johnson), Respondents.

Frederick Johnson, Sr., Deceased, Evelyn Johnson, Widow, Petitioner *v.* Workmen's Compensation Appeal Board (Globe Lining, Inc.), Respondents.

Submitted on briefs September 20, 1988, to Judges DOYLE and McGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*Thomas C. Lowry, Swartz, Campbell & Detweiler,* for petitioners, Globe Lining, Inc. and Maryland Casualty Company.

*Mark A. Verlin, Astor, Weiss & Newman,* for respondent Gray.

*Michael S. Durst, Mozenter, Molloy and Durst,* for respondent Johnson.

OPINION BY JUDGE DOYLE, November 10, 1988:

Before us are cross appeals, one filed by Globe Lining, Inc. (Employer) and its insurer, and one filed by Evelyn Johnson (Claimant), widow of Frederick Johnson, Sr., (Decedent) from an order of the Workmen's Compensation Appeal Board which affirmed a referee's decision insofar as it granted benefits to two of Decedent's children and reversed the decision insofar as it awarded compensation to Claimant.

The referee found that Decedent was involved in construction work for the City of Philadelphia at and

near a water reservoir and that the purpose of Employer's business there was installing a rubber liner and roof over said reservoir. While Decedent, upon his arrival at work, was attempting to park his automobile in an area designated for employee parking by Employer, his brakes failed and caused his vehicle to fall into the reservoir with Decedent in it. In attempting to get out of the reservoir Decedent, who could not swim, drowned. Further, the referee specifically found that evidence submitted by Employer, in an attempt to prove that Decedent's drowning was caused by a third party's tampering with his car's brakes, was grossly insufficient and inadequate in that regard.

At the time of his death, Decedent had been married to Claimant. Claimant and Decedent, however, had been separated for several years prior to his death. Decedent was survived by Claimant and by a minor son, Frederick, Jr., who was living with Claimant. Decedent was also survived by an illegitimate minor daughter. The referee concluded that Decedent's death occurred within the scope of his employment and was causally related thereto, and that he had substantially contributed to the support of Claimant. He thus determined that Claimant had met her burden to prove entitlement to benefits both on her own behalf and on behalf of Decedent's minor son. He also concluded that the mother of Decedent's illegitimate child had established the right of that child to receive compensation as well.

Employer appealed to the Board which, while upholding the grant of benefits to the children, determined that Claimant's evidence was insufficient as a matter of law to establish that at the time of Decedent's death Claimant had been dependent upon him for a substantial portion of her own support. Subsequent to the Board's filing of its order, it then, upon petition,

modified that order to change the amount of benefits to be given to the children. It affirmed the order in all other respects. Cross appeals to this Court were then taken.

Employer contends on appeal that the referee demonstrated bias in repeatedly sustaining objections to evidence Employer attempted to submit through the testimony of Decedent's mother that Decedent had in fact been murdered. Employer also contends that the referee and Board committed legal error in concluding that Decedent's death was work-related. Claimant contends in her appeal that the Board erred in reversing the referee's determination on nonsupport and denying her benefits. We shall examine these issues *seriatim* keeping in mind that our scope of review where both parties have presented evidence is limited to determining whether there has been a constitutional violation or an error of law and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §7.04; *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa. Commonwealth Ct. 92, 525 A.2d 841 (1987).

We consider first the question of whether the referee's conduct evidenced bias. Our careful review of the testimony of Mrs. Betty Mae Duncan, Decedent's mother, indicates that this witness attempted to testify as to her belief that her son had, in fact, been murdered. The testimony she attempted to submit pertained to a telephone conversation she allegedly had had with an individual whom she refused to name who allegedly told her that he had murdered her son, and her recollection of the contents of a threatening note Decedent had allegedly received. The referee, quite properly, determined that this evidence constituted hearsay and, hence, sustained objections to it.

Employer asserts that this evidence constituted a declaration against the witness' interest and, hence, should have been admitted. Employer misunderstands the law. Declarations against interest (which are out of court statements made by individuals not available to testify) may be exceptions to the hearsay rule if they contain certain indicia of reliability. *Heddings v. Steele*, 514 Pa. 569, 526 A.2d 349 (1987). The reason for allowing such evidence is that one does not ordinarily make a statement against his own interest unless he believes it to be true. *Id*. While this exception to the hearsay rule is recognized in Pennsylvania, it is not applicable to the facts here. First, Mrs. Duncan's testimony does not involve out of court statements of one not shown to be available. Rather, the record reflects that the person she spoke to on the telephone is merely someone Mrs. Duncan refused to identify to the referee. Second, while it is true that if Decedent's death were a result of a third party's personal animosity toward him it would not be compensable, *see Scott v. Acme Wire Products, Inc.*, 13 Pa. Commonwealth Ct. 546, 319 A.2d 436 (1974), Mrs. Duncan does not stand to lose anything because of her statements. Rather, it is the two children and the widow who would be adversely affected by this testimony. In other words, the statements are not against Mrs. Duncan's interests nor the person whom she sought to quote.

Next, Employer contends that Decedent was not, at the time of his death, engaged in the furtherance of Employer's business because his work day had not yet begun. Even assuming that Decedent was not engaged in the furtherance of Employer's affairs at the time of his injury, the law is clear that his injuries are compensable if (1) he is on his employer's premises, and (2) he is required by the nature of his employer's business to be there, and (3) his injuries are caused by the condition of

the premises or in the operation of the employer's affairs thereon. *Penn Pad Co. v. Workmen's Compensation Appeal Board (Altholz)*, 83 Pa. Commonwealth Ct. 490, 478 A.2d 497 (1984). There is no dispute that Decedent met the first two criteria of *Penn Pad*. Employer asserts, however, that Decedent was not injured by a condition of the premises. It is not disputed that Claimant drowned because he fell into a reservoir that was part of Employer's premises. Therefore, we see no basis for an assertion that Claimant's death was caused by anything other than a condition of the premises. Thus, the Board's determination as to this issue must be affirmed.

Finally, we consider Claimant's cross appeal. Pursuant to Section 307 of The Pennsylvania Workmen's Compensation Act,[1] if a surviving spouse is separated from a decedent at the time of death, then the surviving spouse, in order to receive benefits, must prove not only dependency, but that the decedent provided a substantial portion of her/his support. *S and S Associates, Inc. v. Workmen's Compensation Appeal Board (Hochman)*, 77 Pa. Commonwealth Ct. 11, 465 A.2d 57 (1983). We must determine, therefore, whether, as a matter of law, there was substantial evidence to support the referee's finding that Decedent provided a substantial portion of Claimant's support. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Murphy v. Department of Public Welfare*, 85 Pa. Commonwealth Ct. 23, 480 A.2d 382 (1984).

The Board's review of the evidence indicated that there was a support order entered against Decedent for twenty-five dollars a week and the testimony established that he did not actually pay the support order but gave Claimant money intermittently. Further, Claimant tes-

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §562.

tified inconsistently as to the amount of income she earned, thus making it difficult to ascertain whether Decedent's contribution was substantial. Because of these shortcomings in the evidence, the Board correctly concluded that Claimant had failed to meet her burden to establish that she had received substantial contributions to her support from Decedent. We agree with the Board on this point and uphold its conclusion in this respect.

Based upon the foregoing discussion, the order of the Board is affirmed.

### ORDER

Now, November 10, 1988, the order of the Workmen's Compensation Appeal Board in the above captioned matter is hereby affirmed.

Judge MACPHAIL did not participate in the decision in this case.