568 A.2d 1332

**William J. LOHR, Deceased, Mabel A. Lohr, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (HOFMANN INDUSTRIES, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 30, 1989.

Decided Sept. 11, 1989.

Charles K. Serine, Miller & Murray, Reading, for petitioner.

Stephen J. Harlen, Philadelphia, for respondent.

Before CRUMLISH, Jr., President Judge, PALLADINO, J. (P.), and SMITH, J.

SMITH, Judge.

Mabel A. Lohr Hersman (Claimant) seeks review of the decision of the Workmen's Compensation Appeal Board (Board) dismissing her appeal and affirming the referee's denial of compensation benefits. The Board's decision is affirmed.

William J. Lohr (Decedent) died from injuries sustained on February 20, 1986 in the course of his employment with Hofmann Industries, Inc. (Employer) while cleaning the inside of a sand mixer which was inadvertently activated. Claimant, Decedent's widow, filed a fatal claim petition on October 27, 1986 on behalf of herself and Decedent's two children.[1] The referee awarded fatal claim benefits to Decedent's children but denied Claimant benefits concluding that she had failed to show by substantial competent evidence that at the time of Decedent's death Claimant was actually dependent upon and receiving a substantial portion of her support from Decedent. Claimant appealed this decision to the Board which affirmed the referee.[2]

The sole issue before this Court is whether Claimant is entitled to dependency benefits pursuant to Section 307(7)

---

1. Decedent had two children, Crystal A. Lohr born October 9, 1979 to Claimant and Craig Lohr born March 20, 1983 to Sharon Shoandillon. Crystal resides with Claimant, and Craig resided with Decedent prior to his death.

2. This Court's scope of review is limited to determining whether constitutional rights were violated, an error of law was committed or findings of fact were supported by substantial evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

of The Pennsylvania Workmen's Compensation Act.[3]

Claimant had been separated from Decedent for approximately three years at the time of his death. When separated at the time of death, the surviving spouse must prove not only dependency but that decedent provided a substantial portion of her support. *Globe Lining, Inc. v. Workmen's Compensation Appeal Board (Johnson)*, 121 Pa. Commonwealth Ct. 68, 550 A.2d 264 (1988). Whether one is dependent is a factual determination to be adjudged by the compensation authorities. *American Mutual Insurance Co. v. Workmen's Compensation Appeal Board (Davenport)*, 108 Pa.Commonwealth Ct. 345, 530 A.2d 121 (1987). Recognizing that the referee is the ultimate fact finder, this Court must determine whether there is substantial evidence to support the referee's finding that Claimant was not dependent upon Decedent nor receiving from him a substantial portion of her support.

After a review of the record, this Court concludes that the evidence supports the referee's determination that Claimant was not in fact dependent upon Decedent. Decedent never made any spousal support payments to Claimant nor was he obligated to do so pursuant to a court order or decree. The referee found that Claimant began working full time in 1984 earning $240 per week and has continued to work full time through the date of Decedent's death. The total support payments which were made by Decedent occurred some time in 1983 in the amount of sixty dollars for the benefit of Decedent's daughter. Claimant testified that Decedent would occasionally baby-sit for his daughter on weekends while Claimant worked; however, such circumstance does not constitute support obligation. Moreover, Claimant's testimony that Decedent paid a jointly-owned mortgage loan for the mortgaged house in which

3. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 562, which provides in pertinent part that:

> No compensation shall be payable under this section to a widow, unless she is living with her deceased husband at the time of his death, or was then actually dependent upon him and receiving from him a substantial portion of her support.

Decedent resided thus providing a benefit to Claimant cannot be construed as support for Claimant. *See S and S Associates v. Workmen's Compensation Appeal Board (Hochman)*, 77 Pa.Commonwealth Ct. 11, 465 A.2d 57 (1983).

Lastly, Claimant contends that Decedent's blue cross/blue shield coverage of Claimant constituted support. It appears from the record that Decedent did not pay additional income for this coverage which further negates Claimant's contention. Accordingly, this Court finds that the decision of the referee is supported by substantial evidence as Claimant was neither dependent upon Decedent nor receiving from him a substantial portion of her support. The Board is therefore affirmed.

## ORDER

AND NOW, this 11th day of September, 1989, the decision of the Workmen's Compensation Appeal Board is affirmed.